## Commonwealth *vs.* Junior Nanny.

Suffolk. March 8, 2012. - July 16, 2012.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Jurisdiction,* Juvenile, Juvenile Court, Transfer hearing. *Juvenile Court,* Jurisdiction. *Practice, Criminal,* Indictment, Transfer hearing. *Youthful Offender Act.*

This court concluded that the clear language of G. L. c. 119, § 72A, requires that a transfer hearing be held before the Commonwealth may proceed to seek, pursuant to G. L. c. 119, § 54, youthful offender indictments against a defendant who is alleged to have committed offenses when he was between fourteen and seventeen years of age, but who was not apprehended until after his eighteenth birthday; therefore, a Juvenile Court judge properly allowed a defendant's motion to dismiss such indictments where no transfer hearing had been held. [801-806]

Indictments found and returned in the Superior Court Department on March 13, 2009.

After transfer to the Suffolk County Division of the Juvenile Court Department, a motion to dismiss was heard by *Terry M. Craven,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Kris C. Foster,* Assistant District Attorney (*Brooke C. Watson,* Assistant District Attorney, with her) for the Commonwealth.

*William S. Smith* for the defendant.

*Rebecca A. Jacobstein,* for Martin Carr, amicus curiae, submitted a brief.

Ireland, C.J. We granted the Commonwealth's application for direct appellate review to determine whether a transfer hearing pursuant to G. L. c. 119, § 72A (§ 72A), must be held before the Commonwealth may seek an indictment pursuant to G. L. c. 119, § 54 (§ 54), against a defendant who is alleged to have committed offenses when he was between fourteen and seventeen

years of age, but was not apprehended until after his eighteenth birthday. Because we conclude that the clear language of § 72A requires that a hearing be held prior to the Commonwealth's proceeding on an indictment pursuant to § 54, we affirm the Juvenile Court judge's order and remand the case for further proceedings consistent with this opinion.

1. *Statutory framework.* Pursuant to § 72A,[1] the Juvenile Court has jurisdiction over alleged juvenile offenders who are not apprehended until after they have reached the age of eighteen. Section 72A sets forth a two-tiered inquiry for a judge to undertake. First, the judge must determine whether there is probable cause to believe that the defendant committed the offenses charged. *Id.* See *Commonwealth* v. *Porges*, 460 Mass. 525, 528 (2011). If there has been a finding of probable cause, the judge either may order the defendant discharged, if discharge is consistent with the protection of the public, or dismiss the case, if the public interest requires that the defendant be tried. If a criminal complaint is issued, the case then proceeds in accordance with the ordinary course of criminal proceedings, G. L. c. 218, § 30, and G. L. c. 278, § 18, to the criminal session of a District or Superior Court.[2] § 72A. See *Commonwealth* v. *Porges*, *supra* at 531.

---

[1]General Laws c. 119, § 72A, provides:

> "If a person commits an offense or violation prior to his seventeenth birthday, and is not apprehended until after his eighteenth birthday, the court, after a hearing, shall determine whether there is probable cause to believe that said person committed the offense charged, and shall, in its discretion, either order that the person be discharged, if satisfied that such discharge is consistent with the protection of the public; or, if the court is of the opinion that the interests of the public require that such person be tried for such offense or violation instead of being discharged, the court shall dismiss the delinquency complaint and cause a criminal complaint to be issued. The case shall thereafter proceed according to the usual course of criminal proceedings and in accordance with the provisions of [G. L. c. 218, § 30, and G. L. c. 278, § 18]. Said hearing shall be held prior to, and separate from, any trial on the merits of the charges alleged."

[2]General Laws c. 218, § 30, states that District Court judges "shall commit or bind over for trial in the superior court persons brought before them who appear to be guilty of crimes not within their final jurisdiction."

General Laws c. 278, § 18, governs, in part, pleas in the Boston Municipal Court Department or the District Court Department.

Section 54 is the means by which prosecutors may try juveniles, who have committed a certain class of offenses between the ages of fourteen and seventeen years, as youthful offenders.[3] See, e.g., *Commonwealth* v. *Clint C.*, 430 Mass. 219, 223 (1999). Where a juvenile "has been proceeded against by indictment," the Superior Court clerk remits the indictment to the Juvenile Court for trial. G. L. c. 263, § 4. See § 54; *Commonwealth* v. *Clint C.*, supra.

Prior to 1996, for the Commonwealth to prosecute a juvenile as an adult, it had to request a transfer hearing, pursuant to G. L. c. 119, § 61, after which a Juvenile Court judge determined whether the juvenile should be tried as an adult.[4] If the judge determined that the juvenile should be tried as an adult, the case was transferred to be tried in the Superior Court Department or a criminal session of the District Court Department. R.L. Ireland, Juvenile Law § 2.1, at 420 (2d ed. 2006).

By St. 1996, c. 200, §§ 2, 7, the Legislature repealed G. L. c. 119, § 61, and amended § 54, which was aimed primarily at "address[ing] growing concern[s] about violent crimes commit-

---

[3]General Laws c. 119, § 54, provides in relevant part:

"The commonwealth may proceed by complaint in juvenile court or in a juvenile session of a district court, as the case may be, or by indictment as provided by [G. L. c. 277], if a person is alleged to have committed an offense against a law of the commonwealth while between the ages of fourteen and seventeen which, if he were an adult, would be punishable by imprisonment in the state prison, and the person has previously been committed to the department of youth services, or the offense involves the infliction or threat of serious bodily harm in violation of law or the person has committed a violation of [G. L. c. 269, § 10 (a), (c), or (d), or § 10E]. The court shall proceed on the complaint or the indictment, as the case may be, in accordance with [G. L. c. 119, §§ 55-72], inclusive. Complaints and indictments brought against persons for such offenses, and for other criminal offenses properly joined under [Mass. R. Crim. P. 9 (a) (1), 378 Mass. 859 (1979)], shall be brought in accordance with the usual course and manner of criminal proceedings."

[4]In a G. L. c. 119, § 61, hearing, a Juvenile Court judge was required to determine whether there was probable cause that the juvenile committed the offense or violation charged. See *Commonwealth* v. *Clint C.*, 430 Mass. 219, 222 (1999). If probable cause was found, a judge then considered "the threat to the public posed by the juvenile and his amenability to rehabilitation within the juvenile justice system." *Commonwealth* v. *Clifford C.*, 415 Mass. 38, 41-42 (1993). See *Commonwealth* v. *Dale D.*, 431 Mass. 757, 758-759 (2000).

ted by juveniles," by creating a youthful offender classification. *Commonwealth* v. *Dale D.*, 431 Mass. 757, 760 (2000), quoting *Doe* v. *Attorney Gen. (No. 1)*, 425 Mass. 210, 213 n.8 (1997). See R.L. Ireland, Juvenile Law, *supra* at § 2.1, at 422-423. The concurrent repeal of § 61, and amendment of § 54, allowed prosecutors to "proceed [directly] against a child by indictment in a Juvenile Court if the child [was] considered a 'youthful offender,' " without having to request a transfer after a hearing from a Juvenile Court judge. *Commonwealth* v. *Russ R.*, 433 Mass. 515, 518 (2001), citing G. L. c. 119, §§ 52, 54.[5]

2. *Procedural background.* The Commonwealth alleges, inter alia, that, between the ages of sixteen and seventeen, the defendant committed several crimes including various acts of rape of a child. The defendant was not apprehended until 2008 when he was twenty-six years of age.

A complaint then issued in the Suffolk County Division of the Juvenile Court Department (Juvenile Court) against the defendant for rape of a child, indecent assault and battery on a child, and threatening to commit a crime. The defendant was subsequently arraigned on the complaints in the Juvenile Court.

In 2009, while the case was pending, the Commonwealth sought youthful offender indictments against the defendant. The grand jury returned youthful offender indictments charging two counts of vaginal rape of a child as well as oral and digital rape of a child. He was arraigned in the Juvenile Court.

The defendant moved to dismiss the youthful offender indictments because he had not been afforded a transfer hearing pursuant to G. L. c. 119, § 72A, prior to being indicted. The judge allowed the defendant's motion, concluding that, where the offenses were alleged to have been committed prior to his seventeenth birthday and the defendant was not apprehended until after his eighteenth birthday, a hearing must be conducted pursuant to § 72A. The Commonwealth appealed.

3. *Discussion.* The Commonwealth argues that the judge erred in dismissing the youthful offender indictments because the defendant is not entitled to a § 72A hearing. As with all matters

---

[5]We note that G. L. c. 119, § 72A, the provisions of which are not material here, was also rewritten in 1996. Compare St. 1996, c. 200, § 13A, with St. 1975, c. 840, § 2.

of statutory construction, we look first to the language of the statute. See *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 853 (1983) ("the primary source of insight into the intent of the Legislature is the language of the statute"). When the language of a statute is clear and unambiguous, we interpret it according to its "ordinary meaning." *Commonwealth* v. *Brown*, 431 Mass. 772, 775 (2000), citing *Victor V.* v. *Commonwealth*, 423 Mass. 793, 794 (1996). "Of course, this meaning must be reasonable and supported by the purpose and history of the statute." *Wright* v. *Collector & Treas. of Arlington*, 422 Mass. 455, 457-458 (1996), citing *Sterilite Corp.* v. *Continental Cas. Co.*, 397 Mass. 837, 839 (1986).

Section 72A, insofar as relevant here, states that, "[i]f a person commits an offense or violation prior to his seventeenth birthday, and is not apprehended until after his eighteenth birthday, the court, *after a hearing, shall* determine whether there is probable cause" (emphasis added). Here, it is undisputed that the defendant satisfies the two conditions that trigger § 72A, namely, he is alleged to have committed offenses prior to his seventeenth birthday and was not apprehended until he was twenty-six. We conclude that the language, "after a hearing, shall," is clear and unambiguous, therefore the judge correctly concluded that the defendant was entitled to a § 72A hearing. *Commonwealth* v. *Brown, supra.*

Nevertheless, the Commonwealth argues that § 72A is inapplicable because the Legislature intended it to apply only to juveniles whom the Commonwealth wishes to charge by criminal complaint, and not by indictment. In support of this contention, the Commonwealth points to the fact that § 72A only references the dismissal of a "delinquency complaint" as opposed to dismissal of complaints *and* indictments in the clause, "the court shall dismiss the delinquency complaint and cause a criminal complaint to be issued." According to the Commonwealth, this clause limits the applicability of § 72A to those cases that are brought by complaint. We disagree. Under the clear language of the statute, once the two conditions that trigger § 72A are satisfied, "a *delinquency complaint shall be filed* in the Juvenile Court" (emphasis added). *Commonwealth* v. *Porges*, 460 Mass. 525, 528 (2011). Because a transfer hear-

ing would precede any indictment, there is no need for the Legislature to make reference to the dismissal of an indictment. Moreover, § 72A provides instruction as to the manner in which the case ought to proceed if it is not discharged, that is, "according to the usual course of criminal proceedings and in accordance with the provisions of [G. L. c. 218, § 30]." General Laws c. 218, § 30, states, in relevant part, that the District Court judges "shall commit or bind over for trial in the superior court persons brought before them who appear to be guilty of crimes not within their final jurisdiction." Therefore we conclude that only after a Juvenile Court judge has determined that a delinquency complaint should be dismissed and a District Court criminal complaint issued may the Commonwealth proceed by indictment.

The Commonwealth also argues that § 54 does not require compliance with § 72A because § 54 states, "[t]he court shall proceed on the complaint or the indictment . . . in accordance with [§§ 55-72], inclusive," thus omitting § 72A. We do not interpret this language as exempting the Commonwealth from complying with the requirements of § 72A. Instead, we conclude that the Legislature excluded the class of individuals to whom the provisions of § 72A apply from those who may be directly indicted under § 54. See, e.g., *Bagley* v. *Illyrian Gardens, Inc.,* 401 Mass. 822, 824 (1988) (by explicitly giving Hampden County division of Housing Court concurrent jurisdiction, Legislature implicitly denied such jurisdiction to other divisions of Housing Court). Because the Legislature has explicitly included individuals to whom § 72 applies with those who may be subject to indictments pursuant to § 54, we conclude that the omission of § 72A is purposeful. See G. L. c. 119, § 72 (*a*) (Juvenile Court has jurisdiction over offender apprehended after seventeenth birthday but prior to eighteenth birthday). See also G. L. c. 119, § 72 (*b*) (Juvenile Court has jurisdiction over person who attains eighteenth birthday pending final adjudication of case).

Section 54 makes no procedural distinction between complaints and indictments. Therefore if we follow the Commonwealth's argument that "no transfer hearing under § 72A is mandated under any part of § 54, as only §§ 55-72 needed to be followed to proceed to trial subsequent to the indictment of a

youthful offender," to its logical conclusion, a transfer hearing also would never be necessary where the Commonwealth proceeds by complaint. If § 54 indeed only requires that a judge follow G. L. c. 114, §§ 55-72 for *indictments*, thereby obviating the need to comply with § 72A, then only §§ 55-72 need to be followed for *complaints* as § 54 applies the same procedures for both. Because such an interpretation of § 54 would render the language of § 72A superfluous, we reject the Commonwealth's argument. See *Wolfe* v. *Gormally*, 440 Mass. 699, 704 (2004), quoting *Bankers Life & Cas. Co.* v. *Commissioner of Ins.*, 429 Mass. 136, 140 (1998) ("A basic tenet of statutory construction requires that a statute 'be construed "so that effect is given to all its provisions, so that no part will be inoperative or superfluous" ' ").

In any event, the purpose of § 72A is, in part, to give the Juvenile Court jurisdiction over cases where a juvenile offender is not apprehended until after his eighteenth birthday, and if public interest requires, transfer the case to the Superior Court. If, as the Commonwealth suggests, § 72A is inapplicable, no court would be able to exercise jurisdiction over an adult such as the defendant, as this case does not fall under § 72. See G. L. c. 218, § 60 (with certain limited exceptions, Juvenile Court only has jurisdiction over cases of juvenile offenders under age seventeen). See also *D'Urbano* v. *Commonwealth*, 345 Mass. 466, 470 (1963) ("[G. L. c. 119] primarily prescribes procedures in juvenile sessions for children under seventeen years of age"). We note that indictments of juveniles between the ages of fourteen and seventeen pursuant to § 54 are tried in the Juvenile Court, whereas if a Juvenile Court judge determines that an adult defendant should be tried for juvenile offenses pursuant to § 72A, the case is transferred to the Superior or District Court. It is clear that, where the Legislature intended to vest the Juvenile Court with jurisdiction over adults, it has expressly so provided. See G. L. c. 119, §§ 72 & 72A.

The Commonwealth also would have us infer from the 1996 revisions to G. L. c. 119, that the Legislature intended to eliminate the requirement of a § 72A transfer hearing. We do not agree. There is nothing in the language of § 54 to support the inference that it was designed to supersede or repeal § 72A. See St.

1996, c. 200. § 13A. Moreover, in 1996, the Legislature rewrote, but did not repeal § 72A. Had the Legislature intended to eliminate the requirement of a § 72A transfer hearing, it could have done so. See *Commonwealth* v. *Keefner,* 461 Mass. 507, 514 (2012), quoting *Commonwealth* v. *Hayes,* 372 Mass. 505, 512 (1977) ("a statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or clear implication").

We also reject the Commonwealth's contention that the protections afforded to defendants who are properly entitled to § 72A hearings have already been provided to the defendant through the grand jury proceedings. According to the Commonwealth, because probable cause is determined in grand jury proceedings, the first prong of a § 72A hearing is satisfied. It also argues that, by placing violent offenses within the purview of § 54, the Legislature intended to eliminate the second prong of § 72A, namely, the judicial determination whether it is within the public interest to allow the Commonwealth to proceed with prosecution.

A probable cause determination differs from that made in grand jury proceedings in many respects including that a judge makes the determination, not a grand jury, and a defendant may present a defense and cross-examine witnesses affording significant due process protections not available before a grand jury. See, e.g., *Commonwealth* v. *Ortiz,* 393 Mass. 523, 533 (1984), citing *A Juvenile* v. *Commonwealth,* 375 Mass. 104, 107 (1978) (probable cause hearings in juvenile courts serve the same function as those in adult courts); *Commonwealth* v. *Myers,* 363 Mass. 843, 855-856 (1973) (defendants must be given opportunity to cross-examine witnesses and present a defense at probable cause hearing); *Commonwealth* v. *Davis,* 56 Mass. App. Ct. 410, 416 (2002) (both parties given an opportunity to present evidence at § 72A transfer hearing). Consequently, a probable cause determination by a grand jury is an insufficient alternative to a clear statutory mandate with markedly different procedural safeguards.

Even assuming that a grand jury finding of probable cause satisfied the first prong of § 72A, nothing in an indictment proceeding satisfies the second prong of § 72A. The fact that a judge has discretion in fashioning a sentence following a youth-

ful offender adjudication is of no consequence. As the Appeals Court pointed out in its comparative analysis of transfer decisions under § 61 and § 72A, "[a] § 72A transfer presents an important, but altogether different inquiry: whether an individual who is alleged to have committed a crime while a juvenile, but who has 'aged out' of the Juvenile Court's jurisdiction before being apprehended, will be subject to *any* prosecution *at all*" (emphasis in original). *Commonwealth* v. *Davis, supra* at 415. Although § 54 replaced the transfer procedure in § 61, the distinction between §§ 61 and 72A is instructive. Its legislative history makes clear that § 54 was fashioned as a response to violent offenses committed by juveniles and mandated harsher punishments for those juveniles. Section 72A on the other hand, as discussed, was created to address the circumstance in which a juvenile offender has "aged out" of the Juvenile Court's jurisdiction and, further, grants judicial discretion whether the prosecution may proceed altogether. The text and legislative history of § 54 do not demonstrate any clear or deliberate attempt to address the unique problem of "aging out" of Juvenile Court jurisdiction. Therefore, we conclude that grand jury proceedings are not an adequate substitute for a § 72A transfer hearing.[6]

4. *Conclusion.* For the reasons set forth above, we conclude that the judge did not err in dismissing the youthful offender indictments where the defendant was alleged to have committed offenses between the ages of fourteen and seventeen, was apprehended after his eighteenth birthday, but was not afforded a § 72A hearing. We remand the matter to the Juvenile Court for further proceedings consistent with this opinion.

*So ordered.*

---

[6]We need not address whether the judge violated the separation of powers provisions of art. 30 of the Massachusetts Declaration of Rights because, as discussed, *supra*, the Legislature did not intend to allow the Commonwealth to proceed by direct indictment against defendants who have "aged out" of Juvenile Court jurisdiction without a hearing pursuant to G. L. c. 119, § 72A.