NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-550                                          Appeals Court

COMMONWEALTH  vs.  MATTHEW MERCIER.

No. 14-P-550.

Middlesex.     May 7, 2015. - August 7, 2015.

Present:  Trainor, Agnes, & Blake, JJ.

Jurisdiction, Juvenile Court, Juvenile delinquency proceeding.
    Juvenile Court, Jurisdiction.  Practice, Criminal,
    Complaint, Indictment.  Youthful Offender Act.  Delinquent
    Child.

Indictments found and returned in the Superior Court
Department on December 6, 2012.

The cases were tried before Janet Kenton-Walker, J.

Patrick Levin, Committee for Public Counsel Services, for
the defendant.
Jessica Langsam, Assistant District Attorney, for the
Commonwealth.

AGNES, J.  The principal issue raised by the defendant,

Matthew Mercier, is whether his conviction in 2013 of raping his

younger cousin on two occasions in 2008 must be vacated due to a

jurisdictional defect at the outset of the case.  In particular,

he maintains that the case against him was commenced in the Juvenile Court Department by means of an indictment and not by a juvenile complaint, in violation of the requirements of G. L. c. 119, § 74, as appearing in St. 1996, c. 200, § 15, which provides in relevant part that "[e]xcept as hereinafter provided and as provided in [G. L. c. 119, §§ 52-84, . . . . no criminal proceeding shall be begun against any person who prior to his seventeenth birthday commits an offense against the laws of the commonwealth . . . ."[1] Although the charges are very serious,

_____

[1] Under the law applicable at the time of the proceedings in this case, there were exceptions to the general rule, that proceedings must be begun by a juvenile complaint, that are not applicable in this case. For example, if a person committed an offense while between the ages of fourteen and seventeen years of age like the ones charged in this case, i.e., offenses involving "the infliction or threat of serious bodily harm," and the juvenile was apprehended prior to turning eighteen years of age, the Commonwealth could elect to proceed by means of a complaint or seek a youthful offender indictment. See G. L. c. 119, § 54, as amended through St. 1996, c. 200, § 2, and G. L. c. 119, § 72(b), as appearing in St. 1998, c. 98, § 2. However, for the reasons we explain in the text, in a case such as this in which the juvenile is not apprehended until after his eighteenth birthday, the Commonwealth does not have the right to proceed by direct indictment.

General Laws c. 119, § 74, as appearing in St. 1996, c. 200, § 15, in its entirety reads as follows:

"Except as hereinafter provided and as provided in sections fifty-two to eighty-four, inclusive, no criminal proceeding shall be begun against any person who prior to his seventeenth birthday commits an offense against the laws of the commonwealth or who violates any city ordinance or town by-law, provided, however, that a criminal complaint alleging violation of any city ordinance or town by-law regulating the operation of motor vehicles, which is not

and a Superior Court jury returned verdicts of guilty, we are constrained to agree with the defendant and, accordingly, order the judgments to be vacated.[2]

Background.  On December 23, 2010, the case was commenced against the defendant by means of a youthful offender (YO) indictment returned by a Middlesex County grand jury.[3]  A

capable of being judicially heard and determined as a civil motor vehicle infraction pursuant to the provisions of chapter ninety C may issue against a child between sixteen and seventeen years of age without first proceeding against him as a delinquent child.

"The juvenile court shall not have jurisdiction over a person who had at the time of the offense attained the age of fourteen but not yet attained the age of seventeen who is charged with committing murder in the first or second degree.  Complaints and indictments brought against persons for such offenses, and for other criminal offenses properly joined under Massachusetts Rules of Criminal Procedure 9 (a)(1), shall be brought in accordance with the usual course and manner of criminal proceedings."

[2] At the outset of the hearing, counsel informed the judge that Commonwealth v. Nanny, 462 Mass. 798 (2012), was then pending before the Supreme Judicial Court on the question whether a direct indictment of a person in the defendant's position (over the age of eighteen when apprehended for an offense committed while he was a juvenile) was permissible.  The Nanny case was decided on July 16, 2012, before the judge decided to transfer the defendant from Juvenile Court to adult court, and was the basis of a specific motion, and argument, by defense counsel that the case should be dismissed for lack of jurisdiction.  In any case, we are required to address jurisdictional defects at any stage of the proceedings.  See Commonwealth v. DeJesus, 440 Mass. 147, 150-151 (2003); Commonwealth v. Porges, 460 Mass. 525, 527 (2011).

[3] A "[y]outhful offender" is defined by the statute in effect at the time of this case as "a person who is subject to an adult or juvenile sentence for having committed, while

juvenile complaint was never sought nor issued. Following an evidentiary hearing conducted by the Juvenile Court on July 11, 2012, a judge found probable cause to believe the defendant had raped his younger cousin while the defendant was sixteen years old and the victim was nine years old.[4]  The defendant was not apprehended until 2010, after he turned eighteen years of age. Based on the probable cause determination, the judge dismissed the YO indictment, ordered "the transfer of prosecution" to the District Court, and requested issuance of adult criminal complaints.  On December 6, 2012, a Middlesex County grand jury indicted the defendant as an adult on charges of aggravated rape of a child (count one) and rape on a child with force (count

between the ages of fourteen and seventeen, an offense against a law of the commonwealth which, if he were an adult, would be punishable by imprisonment in the state prison, and (a) has previously been committed to the department of youth services, or (b) has committed an offense which involves the infliction or threat of serious bodily harm in violation of law, or (c) has committed a violation of paragraph (a), (c) or (d) of section ten or section ten E of chapter two hundred and sixty-nine; provided that, nothing in this clause shall allow for less than the imposition of the mandatory commitment periods provided in section fifty-eight of chapter one hundred and nineteen."  G. L. c. 119, § 52, definition of "[y]outhful offender," inserted by St. 1996, c. 200, § 1.

[4] In view of the disposition we reach, it is not necessary to summarize the evidence presented at trial, or to address the other issue raised by the defendant concerning the alleged improper comments made by the prosecutor during her closing argument.  However, because it is possible that this case could proceed again and result in a trial, we strongly suggest that counsel familiarize themselves with the new guidelines applicable to opening statements and closing arguments.  See Mass.G.Evid. § 1113 (2015).

two).  On September 23, 2013, following a trial by jury before the Superior Court, the defendant was convicted on both charges. On October 3, 2013, the defendant was sentenced on count one to a mandatory minimum term of ten years to ten years and one day in State prison.  On count two the judge imposed a sentence of ten years' probation, to be served from and after the sentence on count one.

Discussion.  The defendant maintains that because the offenses in this case were committed while he was sixteen years of age and a juvenile but he was over the age of eighteen when apprehended,[5] it was necessary to commence the case by means of a delinquency, or juvenile, complaint, and without such a charging document the Juvenile Court lacked the authority to conduct any proceedings, including a transfer hearing, and that the Superior Court lacked the authority to try the indictments.  This statement of law is supported by the terms of the applicable statutes and by a series of decisions by the Supreme Judicial Court.

---

[5] The events alleged in this case occurred prior to the passage of St. 2013, c. 84, "which extended the Juvenile Court's jurisdiction to persons who are seventeen years of age at the time of committing an offense."  Watts v. Commonwealth, 468 Mass. 49, 49-50 (2014).  Throughout this opinion, we refer to the law as it existed at the time the defendant was apprehended in 2010.

The statute governing transfer hearings like the one conducted in this case, G. L. c. 119, § 72A, as appearing in St. 1996, c. 200, § 13A, provides:

> "If a person commits an offense or violation prior to his seventeenth birthday, and is not apprehended until after his eighteenth birthday, the court, after a hearing, shall determine whether there is probable cause to believe that said person committed the offense charged, and shall, in its discretion, either order that the person be discharged, if satisfied that such discharge is consistent with the protection of the public; or, if the court is of the opinion that the interests of the public require that such person be tried for such offense or violation instead of being discharged, the court shall dismiss the delinquency complaint and cause a criminal complaint to be issued. The case shall thereafter proceed according to the usual course of criminal proceedings and in accordance with the provisions of [G. L. c. 218, § 30,] and [G. L. c. 278, § 18]. Said hearing shall be held prior to, and separate from, any trial on the merits of the charges alleged." (Emphasis supplied.)

"The plain meaning of this statute is that, where a person has allegedly committed a crime before his seventeenth birthday but is apprehended after his eighteenth birthday, a delinquency complaint shall be filed in the Juvenile Court, and a Juvenile Court judge shall conduct a hearing to determine whether there is probable cause to believe that the person committed the crime charged and, if so, how the case should proceed." Commonwealth v. Porges, 460 Mass. 525, 528 (2011) (Porges).[6]

---

[6] Later in its opinion in the Porges case, the court underscored this point when it stated that "we conclude that the Superior Court has jurisdiction over indictments charging rape of a child with force (G. L. c. 265, § 22A), and indecent assault and battery of a child under the age of fourteen (G. L.

A reading of § 72A to require a juvenile complaint in all cases in which the offender was a juvenile when the offense was committed but who is not apprehended until he is no longer a juvenile, is reinforced by the terms of G. L. c. 119, § 74, as appearing in St. 1996, c. 2000, § 15, which provides in relevant part that except as specifically provided in that chapter, "no criminal proceeding shall be begun against any person" for an offense committed prior to his seventeenth birthday.[7]

Porges was followed by Commonwealth v. Nanny, 462 Mass. 798 (2012) (Nanny).  In Nanny, the court determined that a transfer hearing pursuant to § 72A must be held before the Commonwealth may seek an indictment pursuant to G. L. c. 119, § 54,[8] against a

_____

c. 265, § 13B), pursuant to G. L. c. 119, § 72A, where the defendant is alleged to have been under the age of fourteen at the time of the commission of the offenses, but was not apprehended until after his eighteenth birthday, provided a delinquency complaint is filed and a Juvenile Court judge determines that there is probable cause to believe the defendant committed the offenses charged, and the judge, in the sound exercise of discretion, determines that the interests of the public require that the defendant be tried for the offenses in the usual course of criminal proceedings instead of being discharged."  Porges, 460 Mass. at 532-533 (emphasis supplied).

[7] Further the exception set out in § 74 for motor vehicle offenses specifically provides that a criminal complaint alleging a motor violation may issue "without first proceeding against him as a delinquent child."  This language again indicates that a delinquency complaint is required to initiate proceedings unless the statute otherwise makes an exception.

[8] General Laws c. 119, § 54, as amended through St. 1996, c. 200, § 2, provides in part that "[t]he commonwealth may proceed by complaint in juvenile court or in a juvenile session

defendant in the position of the defendant in this case, namely, one who is alleged to have committed offenses when he was between fourteen and seventeen years of age, but who was not apprehended until after his eighteenth birthday.  Id. at 798-799.  Nanny rejects the Commonwealth's principal argument in this case that § 54 authorized it to commence the case against the defendant by means of a YO indictment.  In Nanny, 462 Mass. at 800, the court explained that prior to 1996, Massachusetts law provided that in order to prosecute as an adult a person who was a juvenile at the time an offense was committed, a Juvenile Court judge had to conduct a transfer hearing first under G. L. c. 119, § 61, repealed by St. 1996, c. 200, § 7.  In all such instances, the case against the juvenile began when a Juvenile Court complaint was issued.  The 1996 amendment of G. L. c. 119, § 54, which governs this case,

> "was aimed primarily at 'address[ing] growing concern[s] about violent crimes committed by juveniles,' by creating a youthful offender classification.  The concurrent repeal of

---

of a district court, as the case may be, or by indictment as provided by chapter two hundred and seventy-seven, if a person is alleged to have committed an offense against a law of the commonwealth while between the ages of fourteen and seventeen which, if he were an adult, would be punishable by imprisonment in the state prison, and the person has previously been committed to the department of youth services, or the offense involves the infliction or threat of serious bodily harm in violation of law or the person has committed a violation of paragraph (a), (c) or (d) of section ten or section ten E of chapter two hundred and sixty-nine.  The court shall proceed on the complaint or the indictment, as the case may be, in accordance with sections fifty-five to seventy-two, inclusive."

§ 61, and amendment of § 54, allowed prosecutors to 'proceed [directly] against a child by indictment in a Juvenile Court if the child [was] considered a "youthful offender,"' without having to request a transfer after a hearing from a Juvenile Court judge."

Id. at 800-801 (citations omitted). Although the 1996 amendment creating the YO category streamlined the process by means of which a juvenile could be indicted and subject to adult penalties for certain violent offenses, it did not change preexisting law which required that a juvenile complaint be obtained to initiate the case. In Nanny, 462 Mass. at 801-802, the court held that before a juvenile can be indicted as a YO, there must be a transfer hearing pursuant to G. L. c. 119, § 72A. In Nanny, the court also specifically rejected the Commonwealth's argument, renewed in the present case, that § 72A applies only to cases in which the Commonwealth has elected to initiate the proceedings by complaint, leaving the Commonwealth free in other cases to directly indict a juvenile as a YO under § 54 without first conducting a transfer hearing under G. L. c. 119, § 72A. "Under the clear language of the statute, once the two conditions that trigger § 72A are satisfied, 'a delinquency complaint shall be filed in the Juvenile Court'" (emphasis original). Nanny, 462 Mass. at 802, quoting from Porges, 460 Mass. at 528.[9]

---

[9] The Nanny case was decided before the completion of the transfer hearing in this case and was the basis of an

Despite the detailed statutory analysis by the Supreme Judicial Court in Commonwealth v. Nanny, 462 Mass. at 799-806, the Commonwealth argues that the holding in Nanny leaves room for a different outcome in this case because unlike in Nanny, the defendant not only had the benefit of a probable cause determination by the grand jury, but also had the benefit of a hearing before a Juvenile Court judge that met the requirements of G. L. c. 119, § 72A.[10]  In Nanny, supra at 805, unlike in the present case, the Commonwealth sought to bypass the requirement of a § 72A transfer hearing by arguing that a grand jury's determination of probable cause was equivalent to or at least satisfied § 72A's requirement of a probable cause determination. The court in Nanny rejected this argument.  Ibid.[11]  In Nanny, the court also indicated that the avoidance of a transfer hearing deprived the defendant of the safeguards under the

unsuccessful motion by the defendant to dismiss the YO indictments.  See note 2, supra.

[10] A transcript of the transfer hearing conducted by the Juvenile Court judge is part of the record before us.  The defendant does not claim that he was deprived of any of the rights he was entitled to under G. L. c. 119, § 72A, with the exception that a Juvenile Court complaint was neither sought nor issued.

[11] The court stated, "A probable cause determination differs from that made in grand jury proceedings in many respects including that a judge makes the determination, not a grand jury, and a defendant may present a defense and cross-examine witnesses affording significant due process protections not available before a grand jury."  Id. at 805.

second prong of § 72A in that the discretion exercised by a judge after a § 72A transfer hearing is more expansive than the sentencing discretion exercised by a judge after a person is tried and convicted on an indictment, because one option available to a judge in a § 72A hearing is to discharge the defendant from any further prosecution. Id. at 805-806. The record before us indicates that the judge properly addressed the issues that should be addressed at the close of a § 72A hearing.

However, Nanny is not the final word from the Supreme Judicial Court on the jurisdictional requirements in cases in which the offender was a juvenile when the offense was committed but is not apprehended until after he turns eighteen. In Commonwealth v. Mogelinski, 466 Mass. 627, 628 (2013) (Mogelinski), the Supreme Judicial Court answered the precise question before us: "[w]hether an individual may be indicted as a youthful offender after he has turned 18, for offenses he allegedly committed between the ages of 14 and 17?" The court answered the question "no." Id. at 629. In Mogelinski, although Juvenile Court complaints charging the defendant with rape of a child were initially obtained before the defendant's eighteenth birthday, by the time of his arraignment on those complaints he had turned eighteen years of age. Id. at 629. However, while the delinquency complaints were still pending in the Juvenile Court, the Commonwealth obtained YO indictments

against the defendant pursuant to G. L. c. 119, § 54.  Ibid.

The delinquency complaints were eventually nolle prossed.  Id.

at 630.  In Mogelinski, the court explained that under the law

applicable in this case (prior to the amendment of G. L. c. 119

by St. 2013, c. 84, see note 5, supra), when a person is a

juvenile at the time the offenses are committed and when he is

apprehended[12] (even if he turns eighteen while the case is

pending), and the offenses consist of one or more violent crimes

other than murder, the Commonwealth can proceed along either of

two tracks:  a juvenile complaint or a YO indictment, with

significant differences in terms of the dispositional options

available to the judge and the safeguards available to the

juvenile.  Id. at 631-632.  The distinctions between the two

tracks are significant.[13]  However, once the person turns

eighteen before he is first apprehended (as in this case), the

_____

[12] In this case between the ages of fourteen and seventeen (under current law now eighteen).  See note 5, supra.

[13] "[C]omplaints against individuals label them 'delinquents' and place them on one track, while indictments label their subjects 'youthful offenders' and place them on another.  A 'delinquent child' is subject to essentially rehabilitative penalties and remedies, while a 'youthful offender' is subject to penalties ranging from placement in a [Department of Youth Services] facility to adult sentences in the State prison."  Mogelinski, 466 Mass. at 641 (citations omitted).  See Commonwealth v. Clint C., 430 Mass. 219, 229 (1999) (Ireland, J., dissenting) ("By statute, the adjudication of a delinquency complaint is not a criminal proceeding.  G. L. c. 119, §§ 53 and 74.  The return of a youthful offender indictment transforms the proceeding into a criminal one").

offender can still be prosecuted in the Juvenile Court, but the Commonwealth no longer retains the two options noted earlier. "While proceedings under either a delinquency complaint or a youthful offender indictment presuppose that an individual is under the age of eighteen when the proceeding is commenced, the Commonwealth is not precluded from prosecuting individuals who are 'apprehended' after their eighteenth birthdays for offenses committed prior to turning seventeen.  See G. L. c. 119, § 72A. In such cases, the Commonwealth first must file a delinquency complaint and obtain a transfer hearing in the Juvenile Court." Mogelinski, 466 Mass. at 632.

The question for us therefore is the consequence of failing to obtain a juvenile complaint against the defendant who had turned eighteen years of age before he was apprehended but who had the benefit of a transfer hearing that conformed to G. L. c. 119, § 72A, in all other respects, an indictment by a grand jury, and a jury trial?  The answer, again is supplied by the Supreme Judicial Court in Mogelinski:  "Ultimately, the Juvenile Court is a court of limited jurisdiction, which 'has no . . . authority in the absence of a specific statutory authorization.'"  Id. at 645, quoting from Commonwealth v. A Juvenile, 406 Mass. 31, 34 (1989).[14]  Here, without the prior

---

[14] In Mogelinski, the court added, "If the Legislature had disagreed with the result in Commonwealth v. Nanny, supra, and

issuance of a juvenile complaint, the Juvenile Court lacked the authority to proceed on a direct indictment of the defendant as a YO and to transfer the defendant's case to adult court.

wished to make it easier for youthful offender indictments to issue after an individual otherwise ages out of the juvenile justice system, it would have addressed the matter when it increased by one year the Juvenile Court's jurisdictional age limit.  Indeed, raising that age limit was the method it chose for bringing more people under the aegis of the Juvenile Court, rather than blurring the lines between delinquency complaints and youthful offender indictments."  Mogelinski, 466 Mass. at 646.  This is consistent with the view that "[t]he Juvenile Courts, like all the courts of the Commonwealth, except the Supreme Judicial Court, are creatures of the Legislature and derive their powers, other than those powers that are inherent in all courts, . . . from the Legislature."  Parents of Two Minors v. Bristol Div. of the Juvenile Ct. Dept., 397 Mass. 846, 851 (1986).

     To suggest that judges are authorized to nullify the requirement of a juvenile complaint in a case such as this would raise a troublesome constitutional question under the doctrine of the separation of powers established by art. 30 of the Massachusetts Declaration of Rights.  The Legislature has broad authority to define the jurisdiction of courts below the Supreme Judicial Court and to prescribe the manner of procedure in such courts. See Opinion of the Justices, 372 Mass. 883, 901-904 (1977).  See also Charles C. v. Commonwealth, 415 Mass. 58, 64 (1993), quoting from Johnson v. Commonwealth, 409 Mass. 712, 716 (1991) ("It is a first principle that the jurisdictions of the several lower courts of this Commonwealth, and therefore their powers, are limited to those granted by the Constitution of the Commonwealth or by the Legislature"); Commonwealth v. Pyles, 423 Mass. 717, 722 (1996) ("As an examination of the various provisions of G. L. c. 277 and 278 discloses, the Legislature also may establish and define methods of criminal practice and procedure"); Commonwealth v. Tim T., 437 Mass. 592, 594-595 (2002) (in disposing of a juvenile case, judge may not disregard restrictions imposed by legislation).

Accordingly, the judgments are vacated, the verdicts are set aside, and the indictments are dismissed.[15]

So ordered.

---

[15] Nothing we have said should be understood as expressing the opinion that the Commonwealth cannot at this time proceed against the defendant by a juvenile complaint.  Indeed, when asked the question at oral argument, counsel for the defendant conceded that he was not aware of any basis for a double jeopardy claim in view of the jurisdictional defect.