COMMONWEALTH *vs.* A JUVENILE.

Essex. October 3, 1989. - November 9, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Jurisdiction*, Delinquent child. *Juvenile Court*, Jurisdiction. *Delinquent Child.*

Under applicable statutes, the juvenile session of a District Court lost jurisdiction over juvenile charges when the alleged offender, who was arraigned before he became eighteen years of age, attained that age before the juvenile proceeding was completed. [32-35]

COMPLAINT received and sworn to in the Salem Division of the District Court Department on January 2, 1987.

The case was heard by *Joseph A. Furnari*, J., on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*S. Jane Haggerty*, Assistant District Attorney, for the Commonwealth.

*Jerome A. Segal* for the juvenile.

WILKINS, J. On April 7, 1988, a judge sitting in the juvenile session of the Salem Division of the District Court Department[1] dismissed charges of delinquency, concluding that, because the alleged offender had attained the age of eighteen, the juvenile court no longer had jurisdiction over the matter. The alleged offenses of motor vehicle homicide by negligent operation of a motor vehicle (G. L. c. 90, § 24G [1988 ed.]), and endangering the lives or safety of the public by negligent operation of a motor vehicle (G. L. c. 90, § 24 [1988 ed.]), occurred on December 23, 1986, when the juve-

---

[1]We shall refer to the juvenile session of a District Court as a juvenile court.

nile was approximataely sixteen years and ten months old. The complaint was issued before the offender attained the age of seventeen, and he was arraigned after he had attained that age. The offender became eighteen years old in February, 1988.

The judge concluded that no statute gave the juvenile court jurisdiction over the juvenile offenses once the juvenile became eighteen years of age. In his memorandum of decision, the judge referred to G. L. c. 119, § 72 (1988 ed.), set out in the margin,[2] which authorizes jurisdiction over a juvenile who has attained the age of seventeen. The last sentence of § 72 states, however, that "[n]othing herein shall . . . give any court in its juvenile session any power or authority over a child after he has attained his eighteenth birthday."

The Commonwealth appealed from the order dismissing the complaint, and we granted its application for direct appellate review.

Section 72 concerns the jurisdiction of a juvenile court over a juvenile who has committed an offense before his seventeenth birthday but attains the age of seventeen before the juvenile court proceedings are concluded. That section explicitly authorizes the juvenile court to conduct such a proceeding while the offender is seventeen years old.

In apparent (but only partial) response to a concern that this court expressed in *D'Urbano* v. *Commonwealth*, 345

---

[2] "Courts shall continue to have jurisdiction in their juvenile sessions over children who attain their seventeenth birthday pending adjudication of their cases, or pending hearing and determination of their appeals, or during continuances or probation, or after their cases have been placed on file; and if a child commits an offense prior to his seventeenth birthday, and is not apprehended until between his seventeenth and eighteenth birthdays, the court shall deal with such child in the same manner as if he had not attained his seventeenth birthday, and all provisions and rights applicable to a child under seventeen shall apply to such child. Nothing herein shall authorize the commitment of a child to the department of youth services after he has attained his eighteenth birthday, or give any court in its juvenile session any power or authority over a child after he has attained his eighteenth birthday."

Mass. 466 (1963),[3] the Legislature in 1964 (see St. 1964, c. 308, § 4) inserted G. L. c. 119, § 72A, to deal with an alleged juvenile offender who is not apprehended until after he attains his eighteenth birthday.[4] Neither § 72 nor § 72A deals explicitly, however, with an alleged juvenile offender who is arraigned before he becomes eighteen, but attains that age before the juvenile proceeding is disposed of. In inserting § 72A, the Legislature failed to address the problem, adverted to explicitly in our *D'Urbano* opinion, of a juvenile offender who is arraigned but not tried before he attains the age of eighteen.

In 1980, this court noted that "[a] Juvenile Court retains authority over a delinquent child until he reaches the age of eighteen." *A Juvenile* v. *Commonwealth (No. 1)*, 380 Mass. 552, 562 n.12 (1980).[5] In that case, we pointed out that it was appropriate to remand a case for further findings even after the child had become an adult and that to do so would not be "a reinstitution of juvenile proceedings out of time." *Id.* at 563. In *Commonwealth* v. *A Juvenile*, 16 Mass. App.

---

[3]"Limited jurisdiction over juveniles who have passed their seventeenth birthday is provided in § 72, but it remains expressly only jurisdiction in respect of 'children.' There is no provision which in terms gives jurisdiction over a child apprehended when under seventeen and not brought to trial until after eighteen. There are indications that jurisdiction ends when the child attains eighteen but it is not necessary in this case to make that construction." *Id.* at 470. See *id.* at 471 n.7.

[4]As appearing in St. 1975, c. 840, § 2, § 72A now reads as follows: "The case of any person who commits an offense or violation prior to his seventeenth birthday, and who is not apprehended until after his eighteenth birthday, shall be heard and determined in accordance with sections fifty-three to sixty-three, inclusive. In any such case, the court, after a hearing shall determine whether there is probable cause to believe that said person committed the offense as charged, and shall, in its discretion, either order that the person be discharged, if satisfied that such discharge is consistent with the protection of the public; or shall order that the complaint be dismissed, if the court is of the opinion that the interests of the public require that such person be tried for such offense or violation instead of being discharged. Said hearing shall be held prior to, and separate from, any trial on the merits of the charges alleged."

[5]We noted the exception provided in G. L. c. 120, § 17, concerning continuing custody if discharge of the former juvenile would be "physically dangerous to the public." *Id.*

Ct. 251, 253 (1983), citing the *D'Urbano* case, the Appeals Court said that "[t]he last sentence of [§ 72] makes clear that it gives no power or authority to the Juvenile Court over persons who have attained their eighteenth birthdays."[6] The thrust of these opinions, construing statutory provisions concerning the authority of juvenile courts over persons who have attained eighteen years of age, is that the juvenile court has no such authority in the absence of a specific statutory authorization.

The Commonwealth argues that § 72 does authorize continuing authority over the defendant in this case. It urges that we take an overview of what the Legislature must have intended in enacting § 72A and contends that this court in its 1980 opinion in *A Juvenile* v. *Commonwealth (No. 1)*, *supra*, and the Appeals Court in its 1983 opinion in *Commonwealth* v. *A Juvenile*, *supra*, found continuing juvenile court authority in the face of seemingly contrary statutory language. Moreover, it is argued that, if the last sentence of § 72 is to be read as denying a juvenile court authority over persons who have attained the age of eighteen, the provision in that last sentence declaring as unauthorized any commitment to the Department of Youth Services of a child who has attained his eighteenth birthday would have been unnecessary. We are not confident that the premise of this latter argument is correct. In any event, we reject the suggestion that such explicit language as appears at the end of § 72 does not mean what it says.

The major weight of the Commonwealth's argument, sound in reason, is that, through a variety of circumstances not the fault of the Commonwealth, a juvenile case may not end before the alleged offender attains the age of eighteen and the law should not let such an offender go free. This

---

[6]In that case, the Appeals Court construed § 72A to permit a juvenile court to process charges against a juvenile who was arrested when he was sixteen, defaulted when he was seventeen, and was not "apprehended," until after his eighteenth birthday. *Id.* at 257. After the alleged offender was "apprehended," the juvenile court held a transfer hearing under G. L. c. 119, § 61.

court, however, identified that problem over twenty-five years ago, pointing to the explicit language of § 72. *D'Urbano* v. *Commonwealth, supra* at 470. Section 72A addresses part of the problem (apprehension after age eighteen) but does not reach the case of an alleged juvenile offender who was arraigned before age eighteen where the case is not disposed of before the alleged offender attains that age. The instruction we gain from this statutory pattern is that, when a juvenile is arraigned before the age of eighteen, the juvenile court must dispose of the matter promptly. That instruction seems flawed, however, as to a child arraigned so close to his eighteenth birthday that the juvenile proceedings cannot be completed. The Legislature may wish to address this problem. In the case before us, the time available does not appear to have been prohibitively brief because the arraignment occurred almost a year before the offender attained the age of eighteen.[7]

The language of § 72, viewed in light of its judicial construction and the legislative response to this court's concern, bars us from undertaking some form of saving judicial reconstruction, especially when the language is so compelling on its face. Similarly, any suggestion that this record could be read to say that the offender was somehow "apprehended" after his eighteenth birthday, so that § 72A vests authority in the juvenile court, lacks merit.

The order allowing the alleged offender's motion to dismiss the complaint is affirmed.

*So ordered.*

---

[7]There is nothing in the record to indicate that the juvenile was responsible for the delay in the proceedings, thus possibly justifying some theory of continuing authority in the court. We simply do not know all the reasons for the delay. Compare *Commonwealth* v. *A Juvenile*, 16 Mass. App. Ct. at 252.