DANTE L. JOHNSON *vs.* COMMONWEALTH & another[1]
(and a companion case[2]).

Suffolk. December 3, 1990. - April 9, 1991.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Jurisdiction*, Delinquent child. *Juvenile Court*, Jurisdiction. *Delinquent Child.*

The juvenile session of a District Court did not have jurisdiction under G. L. c. 119, § 72, as then in effect, to enter judgment against an individual who allegedly committed a crime before his seventeenth birthday and was apprehended before his eighteenth birthday, where the juvenile proceedings were incomplete at the time he attained his eighteenth birthday, even though the delay in juvenile proceedings was due to efforts by the alleged offender to evade apprehension. [716-718]

This court expressed the view that an alleged juvenile offender's intentional evasion of the jurisdiction of a juvenile court, which may so shorten the potential rehabilitative period as to limit the likelihood of the juvenile's rehabilitation, is among the relevant factors a juvenile court judge should consider in determining whether to transfer the juvenile to the appropriate court with jurisdiction over adults. [718]

COMPLAINT received and sworn to in the Roxbury Division of the District Court Department on July 11, 1988.

On transfer to the appellate session of the Boston Division of the Juvenile Court Department, the case was tried before *Mark E. Lawton*, J.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 22, 1990.

The case was heard by *Wilkins*, J.

The two appeals were consolidated for hearing in the Supreme Judicial Court.

---

[1] A judge of the Boston Division of the Juvenile Court Department.

[2] Commonwealth *vs.* Dante L. Johnson.

*Matthew H. Feinberg* (*Matthew A. Kamholtz* with him) for Dante L. Johnson.

*Marina Medvedev*, Assistant District Attorney (*Brian Carney*, Assistant District Attorney, with her) for the Commonwealth.

LIACOS, C.J. This is a consolidated appeal by a defendant found delinquent by a jury in the appellate session of the Juvenile Court. The defendant appeals from his conviction and the decision of a single justice of this court relating to his petition for relief pursuant to G. L. c. 211, § 3 (1988 ed.). In his petition, the defendant challenges the jurisdiction of the Juvenile Court to accept a verdict after the defendant attained the age of eighteen and to commit the defendant to the custody of the Department of Youth Services (DYS).

In *Commonwealth* v. *A Juvenile*, 406 Mass. 31 (1989), we held that the language of G. L. c. 119, § 72 (1988 ed.), set out in the margin,[3] required the dismissal of a case where a

---

[3]General Laws c. 119, § 72, in effect during the period relevant to this appeal, stated: "Courts, shall continue to have jurisdiction in their juvenile sessions over children who attain their seventeenth birthday pending adjudication of their cases, or pending hearing and determination of their appeals, or during continuances or probation, or after their cases have been placed on file; and if a child commits an offense prior to his seventeenth birthday, and is not apprehended until between his seventeenth and eighteenth birthdays, the court shall deal with such child in the same manner as if he had not attained his seventeenth birthday, and all provisions and rights applicable to a child under seventeen shall apply to such child. *Nothing herein shall authorize the commitment of a child to the department of youth services after he has attained his eighteenth birthday, or give any court in its juvenile session any power or authority over a child after he has attained his eighteenth birthday*" (emphasis added).

Section 72 was amended by St. 1990, c. 267, § 5, effective December 5, 1990. The amended § 72 deleted the final sentence above, and inserted the following new paragraph:

"Courts shall continue to have jurisdiction in their juvenile sessions over persons who attain their eighteenth birthday pending adjudication of their cases, or pending hearing and determination of their appeals, or during continuances or probation, or after their cases have been placed on file. Nothing herein shall authorize the commitment of a person to the department of youth services after he has attained his nineteenth birthday, or give any court in its juvenile session any power or authority over a person after he has attained his nineteenth birthday; provided, however, that the commitment period shall be no longer than until the age of twenty-one for

juvenile allegedly committed a crime prior to his seventeenth birthday and was apprehended before the age of eighteen, but whose case was not disposed of before the juvenile attained his eighteenth birthday. *Commonwealth* v. *A Juvenile, supra* at 34-35. We noted, in dictum, that the circumstances might be different if a defendant's own actions cause delay in bringing a proceeding to its conclusion. *Id.* at 35 n.7. The case before us presents for decision that particular issue, whether the jurisdiction of the Juvenile Court may extend beyond the date of the defendant's eighteenth birthday where the delay in juvenile proceedings is due to efforts by the defendant to evade apprehension. We hold that the jurisdiction of the Juvenile Court does not encompass the circumstances of this case.

We summarize briefly the facts and procedural history of this case. On July 11, 1988, a warrant was issued for the defendant's arrest on charges of murder and assault with intent to murder relating to an incident which occurred two days earlier.[4] Soon thereafter the defendant left the jurisdiction. On October 11, 1989, fifteen months after the warrant was issued and 100 days before his eighteenth birthday, the defendant surrendered himself to the authorities. On the same day, the Commonwealth filed a motion for a transfer hearing pursuant to G. L. c. 119, § 61 (1988 ed.), seeking to have the juvenile complaint dismissed and a criminal complaint issued, in order to try the defendant as an adult.[5] Fol-

a child adjudicated a delinquent by reason of having violated section one of chapter two hundred and sixty-five."

This amendment does not apply to this case; the defendant's conviction and commitment occurred before the effective date of the amendment.

[4]The defendant, born January 20, 1972, was sixteen at the time of the incident.

[5]General Laws c. 119, § 61, states in part: "[I]f the court enters a written finding based upon clear and convincing evidence that the child presents a significant danger to the public as demonstrated by the nature of the offense charged and the child's past record of delinquent behavior, if any, and is not amenable to rehabilitation as a juvenile, the court may, after a transfer hearing held in accordance with such rules of court as shall

lowing a finding of probable cause, a judge at the transfer hearing determined that the defendant presented a significant danger to the public, but found that he was amenable to rehabilitation. Transfer was denied.

Trial counsel was appointed to represent the defendant on January 9, 1990, seven days prior to the trial. On the fourth day of trial, Friday, January 19, 1990, the judge charged the jury, and the jury began their deliberations. Unable to reach a verdict, the jury recessed for the weekend. The same day, the judge issued a written interlocutory order continuing the court's jurisdiction to proceed with the trial and to commit the juvenile to DYS if the jury found him delinquent, "*notwithstanding* the provisions of § 72 of chapter 119 of the General Laws" (emphasis in original). In his findings of fact, the trial judge also noted that the defendant had left "this jurisdiction and lived in another city" for a period of time, intentionally to avoid apprehension and prosecution. The next day the defendant attained his eighteenth birthday.

On the following Monday, January 22, 1990, the defendant filed a petition for relief in the county court pursuant to G. L. c. 211, § 3, arguing that, because the Juvenile Court no longer had jurisdiction over him, the case should be dismissed and the defendant released. A single justice permitted the trial to proceed, inferring that a tolling provision might be read into the statute to extend the Juvenile Court's jurisdiction to the extent the delay was caused by the defendant. The single justice retained jurisdiction over the petition. The jury found the defendant not guilty of delinquency by reason of murder but found him delinquent by reason of assault

---

be adopted for such purpose, dismiss the complaint.

"At said transfer hearing, which shall be held before any hearing on the merits of the charges alleged, the court shall find whether probable cause exists to believe that the child has committed the offense or violation as charged. If the court so finds, the court shall then consider, but shall not be limited to, evidence of the following factors: (*a*) the seriousness of the alleged offense; (*b*) the child's family, school and social history, including his court and juvenile delinquency record, if any; (*c*) adequate protection of the public, (*d*) the nature of any past treatment efforts for the child, and (*e*) the likelihood of rehabilitation of the child."

with intent to kill. He was ordered committed to DYS for an indeterminate period of time.

The single justice ordered a hearing before another judge of the Juvenile Court for a second determination regarding the delay in the prosecution of the defendant's case and stayed the order committing the defendant to DYS. Following a hearing, that judge found that the defendant had acted intentionally to avoid apprehension and to delay proceedings. The judge ordered the defendant committed to DYS and stayed the order pending notification by this court. The defendant appealed to this court and sought a stay of execution of his sentence pending appeal. We granted the appeal but denied the stay of execution of the sentence.

During the pendency of this appeal, DYS applied for a review of the order extending commitment of the defendant beyond the age of eighteen, pursuant to G. L. c. 120, § 17 (1988 ed.). The extension was denied by the Juvenile Court, and the defendant was ordered released.[6]

"It is a first principle that the jurisdictions of the several lower courts of this Commonwealth, and therefore their powers, are limited to those granted by the Constitution of the Commonwealth or by the Legislature. *Mountfort* v. *Hall*, 1 Mass. 443, 457 (1805). Such grants must either be articulated expressly or be capable of being deduced by 'necessary and inevitable' implication. *Id.* See *Crocker* v. *Superior Court*, 208 Mass. 162, 171 (1911) (or by 'fair implication')." (Footnote omitted.) *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 662-663 (1978).

In G. L. c. 119, § 72, effective during the period relevant to this case, the Legislature articulated expressly the Juvenile Court's jurisdiction: "Nothing herein shall authorize the commitment of a child to the department of youth services

---

[6]Although the defendant has been released from commitment to DYS, the issue of the Juvenile Court's jurisdiction is not moot. The defendant has an interest in having an adjudication of delinquency expunged from his record. See *Department of Youth Servs.* v. *A Juvenile*, 384 Mass. 784, 785-787 (1981).

after he has attained his eighteenth birthday, or give any court in its juvenile session any power or authority over a child after he has attained his eighteenth birthday." Contrary to the rulings below purporting to read into § 72 a tolling provision that would extend the Juvenile Court's jurisdiction, no court may expand this express limitation of jurisdiction prescribed by the Legislature. Nor may we infer an intent by the Legislature to permit an extension of jurisdiction by resort to the concept of tolling. In *D'Urbano* v. *Commonwealth*, 345 Mass. 466 (1963), we noted that then existing legislation pertaining to juveniles had "no provision for the case of a person apprehended while a juvenile and not validly proceeded against until after he became an adult." *Id.* at 471 n.7. Section 72A, subsequently inserted into G. L. c. 119 by the Legislature, ignored the issue of juvenile procedures which are not completed before the individual turns eighteen years old.[7] See *Commonwealth* v. *A Juvenile*, 406 Mass. 31, 33 (1989). Failure of the Legislature to address this issue, while enacting § 72A to deal with juvenile offenders apprehended after their eighteenth birthday, indicated a clear intent *not* to extend Juvenile Court jurisdiction to individuals whose proceedings are not completed by the time they attain their eighteenth birthday.[8] See *Commonwealth* v. *A Juvenile, supra* at 33-34. See also *Commonwealth* v. *A Juvenile*, 16 Mass. App. Ct. 251, 253 (1983).

---

[7]General Laws c. 119, § 72A, inserted by St. 1975, c. 840, § 2, states: "The case of any person who commits an offense or violation prior to his seventeenth birthday, and who is not apprehended until after his eighteenth birthday, shall be heard and determined in accordance with sections fifty-three to sixty-three, inclusive. In any such case, the court, after a hearing shall determine whether there is probable cause to believe that said person committed the offense as charged, and shall, in its discretion, either order that the person be discharged, if satisfied that such discharge is consistent with the protection of the public; or shall order that the complaint be dismissed, if the court is of the opinion that the interests of the public require that such person be tried for such offense or violation instead of being discharged. Said hearing shall be held prior to, and separate from, any trial on the merits of the charges alleged."

[8]See note 3, *supra* (§ 72, as amended, encompasses proceedings not completed before a defendant attains his eighteenth birthday).

We note that, where a judge of the Juvenile Court is faced with facts similar to those in this case, a juvenile's intentional evasion of the jurisdiction of the court should be considered among the relevant factors for determining whether that defendant should be transferred to the appropriate court with jurisdiction over adults. G. L. c. 119, § 61.[9] The delaying tactics of a juvenile may shorten the potential rehabilitative period so much as to limit severely the likelihood of the juvenile's rehabilitation. However, flaws in the juvenile system are insufficient by themselves to justify transfer of a juvenile to the criminal system. *A Juvenile* v. *Commonwealth*, 370 Mass. 272, 282 (1976).

We find it unnecessary, due to our disposition of these cases, to address the defendant's other claims. The Juvenile Court did not have jurisdiction to enter judgment against an individual who allegedly committed a crime before his seventeenth birthday and was apprehended before his eighteenth birthday, but whose juvenile proceedings were incomplete at the time he attained his eighteenth birthday. The orders of the trial judge and the single justice are vacated. The judgment of the Juvenile Court is reversed, and the verdict is set aside.

*So ordered.*

[9]See note 5, *supra.*