NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11856

COMMONWEALTH  vs.  MATTHEW A. MOGELINSKI.


 Franklin-Hampshire.     September 8, 2015. - November 13, 2015.

    Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
                    & Hines, JJ.


Juvenile Court, Jurisdiction, Delinquent child.  Jurisdiction,
    Juvenile Court, Juvenile delinquency proceeding, Transfer
    hearing.  Practice, Criminal, Juvenile delinquency
    proceeding, Transfer hearing, Nolle prosequi.  Youthful
    Offender Act.  Delinquent Child.



    Complaint received and sworn to in the Franklin and
Hampshire Counties Division of the Juvenile Court Department on
February 4, 2014.

    A motion to dismiss was heard by Judith J. Phillips, J.

    The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


    Cynthia M. Von Flatern, Assistant District Attorney, for
the Commonwealth.
    John T. Ouderkirk, Jr., for the defendant.


    LENK, J.  In this case, we address an issue precipitated by

our decision in Commonwealth v. Mogelinski, 466 Mass. 627 (2013)

(Mogelinski I).  There, we decided, among other things, that the Juvenile Court did not have jurisdiction over youthful offender indictments, G. L. c. 119, § 54, that issued after the defendant's eighteenth birthday, notwithstanding the prior existence of timely filed delinquency complaints, involving much the same facts, on which nolle prosequi was subsequently entered.  In the wake of our decision, the youthful offender indictments were dismissed.  The Commonwealth thereafter filed, in the Juvenile Court, a delinquency complaint essentially identical to those where nolle prosequi was previously entered in order to seek a transfer hearing.  See G. L., c. 119, § 72A. The question before us is whether the Juvenile Court has jurisdiction to proceed on the basis of the newly filed complaint.  We conclude that it does.

1.  Background and prior proceedings.  On May 10, 2011, delinquency complaints were filed against the defendant alleging two counts of rape of a child under sixteen, G. L. c. 265, § 23, and three counts of indecent assault and battery of a child under fourteen, G. L. c. 265, § 13B.  The defendant was then less than two weeks shy of his eighteenth birthday.[1]

---

[1] In 2013, after Commonwealth v. Mogelinski, 466 Mass. 627 (2013) (Mogelinski I), was argued, the Governor signed St. 2013, c. 84, "An act expanding juvenile jurisdiction," which amended various provisions of G. L. c. 119.  The act confers jurisdiction on the Juvenile Court over cases where the alleged offense was committed up to the point of a defendant's

A summons issued on May 11, 2011, ordering the defendant to appear in the Juvenile Court on May 31, 2011. Between the date the summons issued and the date of the court appearance, the defendant turned eighteen. The defendant appeared in Juvenile Court on May 31, 2011, and was duly arraigned on the delinquency complaints.

In December, 2011, the Commonwealth sought youthful offender indictments against the defendant pursuant to G. L. c. 119, § 54, on the basis of a subset of the acts that were the subject of the complaints, i.e., those offenses alleged to have occurred after the defendant had turned fourteen. The basis of the May, 2011, complaints was the defendant's alleged sexual abuse of the victim over a seven-year period, from August, 2001, until December, 2008, when the defendant was between eight and fifteen years old. The December, 2011, youthful offender indictments alleged that the offenses occurred between May 23, 2007, and December 31, 2008, when the defendant was between fourteen and fifteen years old. See Mogelinski I, supra at 642 n.9. The Commonwealth sought the indictments, which would have kept proceedings in the Juvenile Court, prior to our decision in Commonwealth v. Nanny, 462 Mass. 798, 801-806 (2012) (Nanny),

---

eighteenth, rather than seventeenth, birthday. As in Mogelinski I, we analyze the case under the statutory scheme as it existed at the relevant times prior to this amendment. See id. at 630, 631 nn.3,4.

clarifying that such youthful offender indictments could not be returned after a defendant's eighteenth birthday.

After the indictments were returned on December 5, 2011, the Commonwealth entered nolle prosequi on all of the delinquency complaints.  The defendant then moved unsuccessfully to dismiss the indictments, arguing that the Juvenile Court had no jurisdiction to proceed on indictments issued after his eighteenth birthday.  On reported questions following the denial of that motion, we concluded in Mogelinski I, supra at 646, that the Juvenile Court did not have jurisdiction over youthful offender indictments returned after the defendant's eighteenth birthday, notwithstanding the prior existence of timely filed juvenile delinquency complaints, brought on much the same facts, on which nolle prosequi previously entered.  The youthful offender indictments were thereafter dismissed.

In January, 2014, acting pursuant to G. L. c. 119, § 72A, the Commonwealth brought a new complaint in the Juvenile Court against the then twenty year old defendant.  Like the 2011 juvenile delinquency complaints, the 2014 complaint charged the defendant with two counts of rape of a child under sixteen, G. L. c. 265, § 23, and three counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B.

Before arraignment, a Juvenile Court judge granted the defendant's motion to dismiss the complaint for lack of

jurisdiction, essentially on the basis that the defendant's prior apprehension on the 2011 complaints precludes compliance with one of the prerequisites for proceeding under G. L. c. 119, § 72A, i.e., that the defendant "is not apprehended until after his . . . eighteenth birthday."  The Commonwealth appealed, and we transferred the case to this court on our own motion.

2.  Discussion.  The Commonwealth contends that the judge did not have authority to dismiss the complaint before the defendant's arraignment, and that the Juvenile Court in fact had jurisdiction over the defendant to proceed on the 2014 complaint.  We consider each claim in turn.

a.  Dismissal prior to arraignment.  In Commonwealth v. Humberto H., 466 Mass. 562, 575 (2013) (Humberto H.), we held that,

> "[w]here, as here, a juvenile files a motion to dismiss a complaint before arraignment based on the absence of probable cause, and where a judge, after reviewing the 'four corners' of the complaint application, concludes that there is a substantial likelihood that the motion is meritorious, a judge does not abuse his discretion in deciding to hear and rule on that motion before arraignment to protect the child from the potential adverse consequences of a [Court Activity Record Information database] record."

The Commonwealth urges us to limit the motions to dismiss that permissibly may be heard by a Juvenile Court judge before arraignment to those based on the absence of probable cause. However, given our analysis in Humberto H., supra, we discern no

good reason to preclude the judge from exercising discretion where, as here, the judge determines that there is no jurisdiction based on the record before her.

b. <u>Availability of a transfer hearing</u>. The Juvenile Court is a court of limited jurisdiction, which "has no . . . authority in the absence of a specific statutory authorization." <u>Commonwealth</u> v. <u>A Juvenile</u>, 406 Mass. 31, 34 (1989). As we said in <u>Mogelinski I</u>, <u>supra</u> at 630-631,

> "In general, the Juvenile Court has jurisdiction over children between the ages of seven and seventeen who are alleged to have committed an offense (other than murder) prior to their seventeenth birthday. G. L. c. 119, §§ 52, 74. The Juvenile Court also retains jurisdiction over children who turn eighteen while their cases are pending, in order to adjudicate 'all remands and retrials following appeals from their cases, or during continuances or probation, or after their cases have been placed on file, or for any other proceeding arising out of their cases.' G. L. c. 119, § 72 (<u>a</u>) (where proceeding commenced via delinquency complaint). G. L. c. 119, § 72 (<u>b</u>) (where proceeding commenced via youthful offender indictment)." (Footnote omitted.)

> However,

> "[w]hile proceedings under either a delinquency complaint or a youthful offender indictment presuppose that an individual is under the age of eighteen when the proceeding is commenced, the Commonwealth is not precluded from prosecuting individuals who are 'apprehended' after their eighteenth birthdays for offenses committed prior to turning seventeen. See G. L. c. 119, § 72A." (Footnote omitted.)

<u>Mogelinski I</u>, <u>supra</u> at 632.

Pursuant to the version of G. L. c. 119, § 72A, at issue in this case,[2] all defendants who meet two statutory predicates (commission of offense prior to seventeenth birthday and apprehension after eighteenth birthday) are to be afforded the protections of a transfer hearing. See Mogelinski I, supra at 644-645. There is no dispute as to the first statutory predicate. The question before us as to the Juvenile Court's jurisdiction over the 2014 complaint rests on whether the second predicate was met, i.e., whether the defendant was "not apprehended until after his eighteenth birthday." G. L. c. 119, § 72A.

In Mogelinski I, supra at 634-635, we held for purposes of G. L. c. 119, §§ 72 and 72A, that apprehension occurs upon commencement of process, provided the defendant is available to

_____

[2] The pre-2013 version of G. L. c. 119, § 72A, provided in relevant part:

"If a person commits an offense or violation prior to his seventeenth birthday, and is not apprehended until after his eighteenth birthday, the [Juvenile Court], after a hearing, shall determine whether there is probable cause to believe that said person committed the offense charged, and shall, in its discretion, either order that the person be discharged, if satisfied that such discharge is consistent with the protection of the public; or, if the court is of the opinion that the interests of the public require that such person be tried for such offense or violation instead of being discharged, the court shall dismiss the delinquency complaint and cause a criminal complaint to be issued. The case shall thereafter proceed according to the usual course of criminal proceedings . . . ."

the court.[3] Commencement of process is in this context ordinarily achieved by the issuance of a summons, which serves as a notification of the pending charges. Mogelinski I, supra at 635. Insofar as G. L. c. 119, § 72A, required that the defendant not be "apprehended until after his eighteenth birthday," and the defendant here was summonsed on the 2014 complaint when he was twenty years old, the second statutory predicate would appear to be satisfied. The defendant, however, maintains that his apprehension in 2011 on identical complaints where nolle prosequi have been entered precludes the apprehension contemplated by G. L. c. 119, § 72A, either because that section contemplated that the first apprehension on the charged offenses occur only after the defendant has turned eighteen, or because the 2014 complaint is in reality a continuation of the 2011 complaints on which apprehension occurred before his eighteenth birthday. For the reasons that follow, neither contention is correct, and we conclude that the Juvenile Court has jurisdiction over the 2014 complaint.

"[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the

---

[3] This definition departs from the colloquial use of "apprehend," in which "the word . . . ordinarily is used to indicate a physical arrest." Mogelinski I, supra at 634. The ordinary use, however, "is inapt in the juvenile setting, given that the statute discourages the use of arrest warrants and instead directs courts to issue summonses in the vast majority of cases." Id.

ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated."  Commonwealth v. Clark, 472 Mass. 120, 129 (2015), quoting Hanlon v. Rollins, 286 Mass. 444, 447 (1934).  "[T]he meaning of a statute . . . must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms."  Commonwealth v. Ventura, 465 Mass. 202, 208 (2013), quoting Commonwealth v. Boe, 456 Mass. 337, 347 (2010).

The plain language of G. L. c. 119, § 72A, requires a transfer hearing where a defendant is "not apprehended until after his eighteenth birthday."  G. L. c. 119, § 72A.  The statute contains no language even suggesting that the adult apprehension, i.e., summons, must be the first and only apprehension on the offense charged.  See Commonwealth v. One 1980 Volvo Automobile, 388 Mass. 1014, 1015-1016 (1983) ("We are not free simply to add language to a statute for the purpose of interpreting the statute according to the Legislature's perceived objectives" [quotation, alterations, and citation omitted]).

Indeed, in Mogelinski I, supra at 643, we recognized that more than one apprehension had taken place with respect to the 2011 complaints and youthful offender indictments, which charged the same offenses but involved different time frames.  We went on to say that a transfer hearing is the exclusive means of proceeding against a defendant apprehended after his eighteenth birthday.  Id.  This is true, we said, even if the defendant had been previously apprehended before turning eighteen on complaints rooted in the same facts:

> "The statute clearly prescribes that a specific procedure, the transfer hearing pursuant to G. L. c. 119, § 72A, take place when a defendant who is over the age of eighteen is apprehended, and makes no provision that the time of apprehension on [the new charges] relates back to the time of apprehension on [the earlier] complaint."

Id.  Also, albeit only in dicta, both the court and the dissenting justices contemplated that a transfer hearing would be available in the defendant's case.  See id. at 638; id. at 650 (Gants, J., concurring in part and dissenting in part).  The court observed that, if the youthful offender indictments in question were determined to be invalid, as they were, the Commonwealth would be able to proceed "in such circumstances only by the filing of a delinquency complaint, followed by a transfer hearing pursuant to G. L. c. 119, § 72A."  Id. at 638.

The defendant, however, maintains that there was in reality no apprehension on the 2014 complaint because the complaint,

being merely a continuation or revival of the 2011 complaints, has no independent status. His "apprehension" in reality happened in 2011, when he was underage. This contention relies on the assumption that the 2011 complaints -- and the apprehension they occasioned -- were not extinguished when the Commonwealth entered nolle prosequi on them in 2011 and 2012 after youthful offender indictments were returned. The defendant maintains in this regard that entry of nolle prosequi merely "puts those charges to sleep," but does not extinguish them in the same way a dismissal would.

This argument fails since, under our jurisprudence, entry of nolle prosequi is the equivalent of a dismissal. See Mass. R. Crim. P. 16, 378 Mass. 885 (1978) (in rule governing "dismissal by the prosecution," section on "entry of a nolle prosequi"). See, e.g., Commonwealth v. Brandano, 359 Mass. 332, 335 (1971) (describing entry of nolle prosequi as "a dismissal [that] is made with the approval of the Commonwealth [in which] the judge in effect merely concurs in a recommendation of the prosecution which is exercising its authority as part of the [e]xecutive [b]ranch of government"); Commonwealth v. Aldrich, 21 Mass. App. Ct. 221, 224-225 (1985) (equating "dismissal" and "nolle prosequi" for purposes of double jeopardy analysis). See also Commonwealth v. Miranda, 415 Mass. 1, 5-6 (1993) (holding that entry of nolle prosequi dismisses charges, rather than

merely making them dormant, such that prosecution can reinstate charges only by filing them anew, and may not simply revive them).[4] For this reason, we observed in Mogelinski I, supra at 639, and reiterate here, that when "nolle prosequi is . . . entered on a complaint," that "complaint is extinguished." Any subsequent indictment or complaint, even on the same facts, "opens a new case," id., which requires a new and independent apprehension.[5]

---

[4] Commonwealth v. Deheny, 466 Mass. 723 (2014) (Deheny), is not to the contrary. In that case, "we recognize[d] a relevant distinction between a judicial dismissal and an entry of a nolle prosequi. A nolle prosequi is a strategic decision by the Commonwealth to cease pursuing charges. Its entry is thus an affirmative exercise of a prosecutorial tool to discontinue prosecution. . . . In contrast, a judicial dismissal, even one without prejudice, signals that the Commonwealth has not met its prosecutorial burden." (Citation omitted.) Id. at 734. This distinction, however, relates only to whether the dismissal was initiated by the prosecution or by the judge, relevant in Deheny to determine responsibility in connection with a speedy trial analysis, and does not speak to the legal effects of dismissals and entries of nolle prosequi.

[5] We hasten to add, however, that the Commonwealth's power to recharge a defendant after it had earlier entered nolle prosequi on identical charges is by no means unlimited. The Commonwealth may not delay a proceeding in a juvenile matter merely so that it may recharge a defendant after he or she has turned eighteen, and then seek a transfer hearing. This would violate the Commonwealth's obligation to act in good faith. See Mogelinski I, supra at 646 & n.11 (noting that, where Commonwealth waits until after defendant's eighteenth birthday and seeks transfer hearing, "it bears the burden of demonstrating the absence of bad faith or inexcusable delay in failing to obtain a timely youthful offender indictment" or juvenile delinquency charge).

We are confirmed in our view that, given its raison d'être, G. L. c. 119, § 72A, confers jurisdiction in circumstances where, as here, a defendant otherwise would face no possibility of prosecution for the offenses in question.  The transfer procedure "was created to address the circumstance in which a juvenile offender has 'aged out' of the Juvenile Court's jurisdiction."  Nanny, supra at 806.  "We will not impose an overly narrow or artificial construction on a statute that would frustrate a grant of jurisdiction that the Legislature clearly intended."  Commonwealth v. Porges, 460 Mass. 525, 532 (2011) (Porges).  See Nanny, supra at 805 (noting that, "[h]ad the Legislature intended to eliminate the requirement of a § 72A transfer hearing" in particular context, "it could have done so" explicitly when it rewrote statute in 1996).

In such circumstances, the transfer hearing serves a dual purpose.  On the one hand, it protects the public by ensuring

---

Moreover, if jeopardy had attached on the first set of charges, or if the charges were dismissed with prejudice, the prosecution could not recharge the defendant.  Mass. R. Crim. P. 16 (b), 378 Mass. 885 (1979).  See Commonwealth v. Hernandez, 421 Mass. 272, 277 (1995) (discussing circumstances in which dismissal with prejudice is appropriate).  Furthermore, when a defendant has pleaded guilty to certain charges in consideration of dismissal of other charges, the prosecutor may not refile the dismissed charges.  Commonwealth v. Benton, 356 Mass. 447, 448 (1969).  Additionally, when the Commonwealth recharges a defendant, the prosecution must go through all the procedures for the filing of new charges and may not, for example, revive charges at a moment's notice and send them immediately to trial.  See Commonwealth v. Miranda, 415 Mass. 1, 5-6 (1993).

that a defendant will not "fall 'between the cracks' and be free from prosecution where [he] is apprehended after his eighteenth birthday." Mogelinski I, supra at 647, quoting Porges, supra at 531. On the other hand, the transfer procedure protects the defendant by allowing a Juvenile Court judge to dismiss the charges if the judge finds them unsupported by probable cause or if the judge is "satisfied that [discharging the defendant] is consistent with the protection of the public." G. L. c. 119, § 72A.

Here, without a transfer hearing, the defendant would face no possibility of prosecution for the charged offenses in either adult court or Juvenile Court. This is the very result that the transfer law seeks to avoid. Our construction, by contrast, furthers the legislative purpose of ensuring that this defendant does not "fall 'between the cracks.'" Porges, supra at 531. This does not mean that the defendant will or should be tried as an adult. It means only that there is a "possibility of criminal consequences [if the] Juvenile Court judge [determines] that the interests of the public require the [defendant] to be tried for the offense rather than discharged." Id. at 532.

Finally, we made reference in Mogelinski I to this case as being among "that narrow set of cases where the Commonwealth wishes to proceed against an individual who is just shy of the Juvenile Court's jurisdictional age limit." Mogelinski I, supra

at 646.  Given the clarification of the relevant statutes provided in Mogelinski I, Nanny, Porges, and here, we anticipate that, going forward, situations like this will be quite rare. This is particularly so in light of the Commonwealth's burden to demonstrate the absence of bad faith or inexcusable delay in failing to obtain a timely juvenile delinquency complaint or youthful offender indictment, which would cause the proceedings to remain in the Juvenile Court.  See Mogelinski I, supra at 646 n.11.  We note that, while the defendant asserts without explanation that the Commonwealth acted in bad faith in filing the 2014 complaint, we discern no support in the record for any suggestion that the Commonwealth delayed filing the 2014 complaint in order to prosecute the defendant in adult court.

Judgment reversed.