SUPREME JUDICIAL COURT 
 
 COMMONWEALTH vs. VINCE V., a juvenile

 
 Docket:
 SJC-13566
 
 
 Dates:
 September 6, 2024 - November 22, 2024
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.
 
 
 County:
 Essex
 

 
 Keywords:
 Delinquent Child. Juvenile Court, Delinquent child, Jurisdiction. Jurisdiction, Delinquent child, Juvenile delinquency proceeding, Juvenile Court. Practice, Criminal, Juvenile delinquency proceeding. Statute, Construction.
 
 

       Complaint received and sworn to in the
Essex County Division of the Juvenile Court Department on November 19, 2021.
      The case was tried before Kerry A. Ahern,
J.
      The Supreme Judicial Court on its own
initiative transferred the case from the Appeals Court.
      Brian J. Anderson for the juvenile.
      Kristen W. Jiang, Assistant District
Attorney, for the Commonwealth.
      Caroline Alpert, for youth advocacy
division of the Committee for Public Counsel Services & another, amici
curiae, submitted a brief.
      KAFKER, J. 
As we have previously explained in a trilogy of cases,[1] G. L.
c. 119, § 52, expressly excludes from the definition of
"[d]elinquent child," and thus from the subject matter jurisdiction
of the Juvenile Court, children who commit "a first offense of a
misdemeanor for which the punishment is a fine, imprisonment in a jail or house
of correction for not more than [six] months or both such fine and
imprisonment."  The legislative
purpose is also clear:  to provide a
second chance to juveniles who have committed an isolated act of minor
misconduct.  Unfortunately, the
application of the statute to cases involving multiple charges has proven to be
difficult.  Here we address another such
variation. 
      The juvenile was tried on a delinquency
complaint charging him with open and gross lewdness and lascivious behavior, a
felony offense, after he was seen masturbating in a parked car.  At trial, the jury were also instructed on
the lesser included offense of indecent exposure, a misdemeanor punishable by
no more than six months in jail or in a house of correction.  The jury then found him delinquent only as to
the lesser included offense.  Because the
juvenile had no prior offenses, and was found to have committed only a minor
misdemeanor, he argued that the delinquency adjudication must be dismissed for
want of subject matter jurisdiction.  The
Juvenile Court judge denied the motion, and the juvenile filed the instant
appeal.  For the reasons set forth infra,
we conclude that once the jury found the juvenile delinquent only as to a minor
misdemeanor, and it was undisputed that the misdemeanor was his first offense,
the court no longer had subject matter jurisdiction over the first offense of a
minor misdemeanor and therefore the juvenile should not have been
sentenced.  Rather, the delinquency
adjudication should have been dismissed as a first offense, and recorded only
as a Wallace W. determination would be.[2] 
See Wallace W. v. Commonwealth, 482 Mass. 789, 800-801 (2019). 
      1. 
Background.  a.  Facts. 
On November 10, 2021, a shopper in a department store parking lot called
the police to report that a male was masturbating in the passenger seat of a
nearby car and had exposed himself to her. 
An investigating officer located a car that matched the description and
license plate number provided by the shopper and found the juvenile in the
passenger seat.  The juvenile had no
prior offenses.
      b. 
Procedural history.  The juvenile
was charged with open and gross lewdness and lascivious behavior in violation
of G. L. c. 272, § 16, a felony punishable by "imprisonment
in the state prison for not more than three years or in jail for not more than
two years or by a fine of not more than [$300]."  A delinquency complaint issued later that
month in the Lawrence Division of the Juvenile Court Department, and the
juvenile was arraigned the following January. 
At trial, the juvenile requested, without objection from the
Commonwealth, that the jury also be instructed on the lesser included offense
of indecent exposure, a minor misdemeanor.[3] 
The Juvenile Court judge instructed the jury accordingly.  The jury found the juvenile not delinquent as
to open and gross lewdness, but did find the juvenile delinquent as to the
lesser included offense of indecent exposure. 

      After the jury returned the verdict, the
juvenile argued that the Juvenile Court no longer had subject matter
jurisdiction.  The Juvenile Court judge
delayed sentencing and allowed the parties to brief the issue. 
      The court then heard argument from both
parties on the juvenile's motion to dismiss for lack of jurisdiction.  The juvenile argued that because the minor
misdemeanor was his first offense, he was exempted from the definition of
"[d]elinquent child" under G. L. c. 119, § 52, and the
Juvenile Court no longer had jurisdiction to sentence him.  The juvenile further argued that "the
only thing that that jury verdict can function as is essentially the Wallace W.
hearing because there was a finding beyond a reasonable doubt that the juvenile
committed a first offense misdemeanor." 
The Commonwealth responded that the Legislature did not intend to
restrict the Juvenile Court's jurisdiction over postverdict proceedings when
the court had properly exercised jurisdiction up until the moment of the
verdict.  The Commonwealth also contended
that probable cause that the juvenile committed the charged felony was
sufficient to support continued jurisdiction over the lesser included minor
misdemeanor, as was judicial economy. 
The Juvenile Court judge concluded that the Legislature did not intend
for the minor misdemeanor charge to be dismissed in these circumstances.  The judge therefore denied the juvenile's
motion to dismiss for lack of jurisdiction and sentenced the juvenile, issuing
a continuance without a finding until the juvenile's nineteenth birthday,
approximately ten weeks later.  The judge
also ordered the juvenile to stay away from and have no contact with the
shopper.[4]  The charge was dismissed
when the juvenile turned nineteen.
      The juvenile thereafter filed his notice
of appeal.  We transferred the case sua
sponte from the Appeals Court to address whether the Juvenile Court retains
subject matter jurisdiction over an adjudication of delinquency for a juvenile
convicted only of a first offense of a minor misdemeanor after the court
conducts a jury trial that included a more serious offense. 
      2. 
Discussion.  We conclude that the
court properly exercised subject matter jurisdiction over the adjudication of
delinquency, but only up until the point at which it was uncontested that this
was the juvenile's first offense of a minor misdemeanor.  As we have explained in our prior cases, the
Commonwealth may proceed directly to arraignment and try to prove a felony or
more serious misdemeanor, as the statutory exclusion from jurisdiction does not
apply to more serious offenses.  See
Commonwealth v. Nick N., 486 Mass. 696, 700 (2021); Commonwealth v. Manolo M.,
486 Mass. 678, 683 (2021).[5]  But once
the jury found the juvenile not delinquent on the felony charge, and delinquent
only on the minor misdemeanor, and it was uncontested that the minor
misdemeanor was his first offense, the court no longer had subject matter
jurisdiction over the first offense of a minor misdemeanor and had no authority
to sentence the juvenile on the first offense. 
Rather the judge should have dismissed the adjudication of delinquency
as a first offense.  At that point, the
jury verdict, and the determination that this was the juvenile's first offense,
served the same, limited purpose as a Wallace W. hearing, which is to prove
beyond a reasonable doubt that a first offense of a minor misdemeanor had occurred.  See Wallace W., 482 Mass. at 800-801.  It would also be subject to the same limited
recording requirements.    
      a. 
Statutory language.  The Juvenile
Court "is a court of limited jurisdiction, which 'has no . . .
authority in the absence of a specific statutory authorization.'"  Commonwealth v. Mogelinski, 473 Mass. 164,
167 (2015), quoting Commonwealth v. A Juvenile, 406 Mass. 31, 34 (1989).  Accordingly, the Juvenile Court may only
exercise jurisdiction over "[d]elinquent child[ren]" as defined by
G. L. c. 119, § 52.  See
G. L. c. 218, § 60 ("the juvenile court department shall
have and exercise jurisdiction . . . over cases of . . .
delinquent children").  In 2018, as
part of "An Act relative to criminal justice reform," the Legislature
amended the definition of "[d]elinquent child" to exclude children
between the ages of twelve and eighteen who commit a "first offense of a
misdemeanor for which the punishment is a fine, imprisonment in a jail or house
of correction for not more than [six] months or both such fine and
imprisonment."  G. L.
c. 119, § 52, as amended through St. 2018 c. 69, § 72 (effective
July 12, 2018).  In the instant case, the
juvenile was no longer a "[d]elinquent child" under this definition
once the jury rejected the more serious offense and found the juvenile
delinquent only as to a minor misdemeanor for which the punishment was not more
than six months, and it was undisputed that the minor misdemeanor was the
juvenile's first offense.  The statute
expressly excludes from the court's subject matter jurisdiction a first offense
of a minor misdemeanor.[6]  Accordingly,
under the plain terms of the statute governing the Juvenile Court's
jurisdiction, once the jury's verdict was returned, the Juvenile Court no
longer had jurisdiction over the first offense of a minor misdemeanor.
      b. 
Legislative purpose of the statutory amendment.  To the extent there is any residual ambiguity
in the statute regarding its application here, the legislative intent behind this
statutory amendment as a whole also supports our conclusion that the Juvenile
Court lost jurisdiction over the adjudication of delinquency once it was
established that the juvenile had committed only a first offense of a minor
misdemeanor.  The guiding purpose of the
amendment, as we have previously stated, was to provide juveniles who have
engaged in an isolated instance of misbehavior a second chance.  See Manolo M., 486 Mass. at 685; Wallace W.,
482 Mass. at 795.  In the instant case,
it is undisputed that this was the juvenile's first and only offense.  Based on the jury's determination, this
misconduct only constituted a minor misdemeanor.  The juvenile was therefore entitled to the
second chance intended by the Legislature. 
      c. 
Case law addressing loss of subject matter jurisdiction.  As we have previously explained,
"[s]ubject matter jurisdiction may be raised by either party or the court
at any time and cannot be conferred by waiver."  Nick N., 486 Mass. at 702.  See Rental Prop. Mgt. Servs. v. Hatcher, 479
Mass. 542, 547 (2018), quoting HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 199
(2013) ("[W]henever a problem of subject matter jurisdiction becomes
apparent to a court, the court has 'both the power and the obligation' to
resolve it" [emphasis added]).  That
a court properly exercised jurisdiction earlier in the case is not dispositive
as to whether jurisdiction continues. 
Cf. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990)
("To sustain our jurisdiction," there must be actual case or
controversy under art. III of United States Constitution; "it is not
enough that a dispute was very much alive when suit was filed, or when review
was obtained in the Court of Appeals"). 

      Here, subject matter jurisdiction was
expressly raised by the juvenile once the felony charge was rejected by the
jury and all that remained in the case was an adjudication of delinquency as to
a first offense of a minor misdemeanor. 
Cf. Nick N., 486 Mass. at 701 n.8 ("If the greater charge proceeded
to trial and was not proved, the minor misdemeanor charge would be a first
offense, subject to dismissal under G. L. c. 119,
§ 52").  This first offense had
also been conclusively established by the jury verdict, thereby resolving the
"Catch-22" problem discussed in note 6, supra, and rendering a future
Wallace W. proceeding unnecessary.  The
court was therefore divested of jurisdiction over the first offense of a minor
misdemeanor according to the express exclusion set out in G. L. c. 119,
§ 52.[7] 
      3. 
Conclusion.  We hold that, once
the jury determined that the juvenile had engaged only in minor misdemeanor
conduct and it was undisputed that this was the juvenile's first minor
misdemeanor offense, the court no longer retained jurisdiction over that
offense.  The judge should at that point
have dismissed the adjudication of delinquency. 
This first offense of a minor misdemeanor shall be recorded only as
required by Wallace W.  We accordingly vacate the adjudication of
delinquency and remand the matter to the Juvenile Court with instructions that
such an entry be made.
So ordered.

footnotes

[1] See
Commonwealth v. Nick N., 486 Mass. 696 (2021); Commonwealth v. Manolo M., 486
Mass. 678 (2021); Wallace W. v. Commonwealth, 482 Mass. 789 (2019).

[2] We
acknowledge the amicus brief submitted by the youth advocacy division of the
Committee for Public Counsel Services and Citizens for Juvenile Justice.

[3] Indecent
exposure is a misdemeanor punishable by "imprisonment in a jail or house
of correction for not more than [six] months, or by a fine of not more than
$200, or by both such fine and imprisonment."  G. L. c. 272, § 53.

[4] The judge
also recognized the difficulty of the issue and the Juvenile Court's "need
[for] answers around this," and encouraged the juvenile to appeal. 

[5] We also note
that it is undisputed that there was probable cause to support the felony
charge in the instant case.

[6] As we have
previously explained, the court does have jurisdiction to establish that a
first offense of a minor misdemeanor has occurred, at least when there is any
question whether a juvenile has reoffended. 
Otherwise, the statute would in effect create a "Catch-22"
situation:  a first offense could not
"occur unless there is a prior adjudication of delinquency, and there
[could] never be a final adjudication over the first offense because there is
no jurisdiction."  Wallace W., 482
Mass. at 798.  The jury verdict here,
however, fulfilled the purpose of establishing that a first offense of a minor
misdemeanor had occurred, in the event the juvenile reoffends.

[7] Finally, we
briefly address the Commonwealth's concerns about efficiency and judicial
economy.  Although a trial was held on a
charge that would eventually prove to be only a first offense of a minor
misdemeanor, nothing in that process or result is inconsistent with the
statutory language or purpose.  Rather,
the statutory distinction between felonies and minor misdemeanors was
preserved, allowing the Commonwealth to proceed to trial on the felony charge,
but requiring dismissal for lack of subject matter jurisdiction when the jury
found the juvenile delinquent only on a minor misdemeanor charge and it was
undisputed that this was the juvenile's first offense.  Dismissal at that point accomplished the
legislative objective of providing the juvenile a second chance to avoid
continued involvement with the juvenile justice system for a first offense of a
minor misdemeanor, while at the same time establishing that such a first
offense had occurred, should the juvenile engage in further misconduct.