IRVIN I., COMMONWEALTH vs., 100 Mass. App. Ct. 33

 
 COMMONWEALTH vs. IRVIN I., a juvenile.

100 Mass. App. Ct. 33
 April 13, 2021 - July 13, 2021

Court Below: Juvenile Court, Plymouth County
Present: Ditkoff, Singh, & Englander, JJ.

 

Rape. Juvenile Court, Delinquent child. Delinquent Child. Practice, Criminal, Juvenile delinquency proceeding, Transfer hearing, Probable cause hearing. Probable Cause. Witness, Credibility. Evidence, Credibility of witness.

In the circumstances of a transfer hearing held pursuant to G. L. c. 119, § 72A, with regard to a juvenile who was nearly twenty-one years old when the proceedings commenced, a Juvenile Court judge erred in dismissing a delinquency complaint issued against the juvenile, where the evidence was sufficient to support a finding of probable cause that the juvenile had committed the charged offense of rape, in that the victim's testimony made out a prima facie case despite some inconsistencies and lapses of memory; accordingly, this court entered a finding of probable cause as a matter of law and remanded the case to determine whether a criminal complaint should issue against the juvenile as an adult, or whether discharge would be consistent with the protection of the public. [35-39] 

COMPLAINT received and sworn to in the Plymouth County Division of the Juvenile Court Department on April 24, 2019. 

 The case was heard by Kathryn A. White, J. 

Carolyn A. Burbine, Assistant District Attorney, for the

Commonwealth.

 Maryellen Cuthbert for the juvenile.

 SINGH, J. Following a hearing pursuant to G. L. c. 119, § 72A, which governs juvenile transfer hearings, a Juvenile Court judge found no probable cause to believe that the juvenile [Note 1] committed the crime of rape of a child with force or any lesser included offense, and dismissed the delinquency complaint issued against him. On appeal, the Commonwealth contends that the evidence was sufficient, as a matter of law, to meet its burden of establishing probable cause. The juvenile contends that the judge acted 

 Page 34 

within her discretion in assessing the weight and credibility of the evidence to find no probable cause. After review, we reverse and remand the matter for further consideration.

 Background. In April 2019, a delinquency complaint issued against the juvenile, charging him with rape of a child with force, alleged to have occurred some years prior, when he was a juvenile. See G. L. c. 265, § 22A. Because the juvenile was nearly twenty-one years old when the proceedings commenced, and thus no longer subject to the jurisdiction of the Juvenile Court, a transfer hearing was held to determine whether the juvenile could be prosecuted as an adult or would not be prosecuted at all. See G. L. c. 119, § 72A. 

 The alleged victim, whom we shall refer to as Maya, was the sole witness, and her testimony was the only evidence offered at the transfer hearing. According to her testimony, Maya first came to know the juvenile when she moved to an apartment complex with her mother and younger sister; the juvenile was "one of the first people that . . . showed [them] around." Eventually, the juvenile began "dating" Maya's mother and so would be at their apartment on a daily basis and sometimes overnight.

 On one occasion, when Maya was eleven or twelve years old, the juvenile and others came over to Maya's apartment to watch a football game. [Note 2] After the game ended, everyone else went to sleep. Maya and the juvenile remained on the living room couch next to one another and talked a bit as Maya drifted off to sleep. The juvenile then got on top of Maya and pulled down her pants and underwear. He was "trying to have sex with [her]," attempting to "actually put [his penis] in[to her vagina]." Maya felt the juvenile's penis making contact with her vagina. Although the penis was erect, "[j]ust the tip" entered her. Maya was saying "oh, no, . . . this hurts" and "kept asking him to stop." When Maya told the juvenile to "stop, because it hurt," the juvenile told Maya that she "sounded like [her] mother," and persisted in his assault. After about a half hour, the juvenile got off of Maya, who then went to her bedroom.

 Maya first reported that she had been raped in 2018, when she was seventeen years old, after her aunt discovered text messages from the juvenile on Maya's cell phone.

 At the conclusion of the hearing, the Commonwealth requested that if the judge did not find probable cause on the charge of rape

 Page 35 

 of a child with force, the judge "consider finding probable cause for the lesser included [offenses], indecent assault and battery and assault and battery." The judge, ruling from the bench, did "not find probable cause for the complaint or any of the lesser included [offenses]" and dismissed the matter.

 Discussion. On appeal, the Commonwealth argues that the judge erred in dismissing the case because there was adequate evidence presented to support a finding of probable cause as a matter of law. [Note 3] In response, the juvenile argues that the adversarial nature of a § 72A transfer hearing requires that a judge assess the "weight and the credibility of the evidence" in determining probable cause, and that an appellate court should defer to that assessment absent an abuse of discretion.

 "[T]he purpose of § 72A is, in part, to give the Juvenile Court jurisdiction over cases where a juvenile offender is not apprehended until after his [nineteenth] birthday, and if public interest requires, transfer the case" for prosecution in the District or Superior Court. [Note 4] Matter of a Juvenile, 485 Mass. 831, 832-833 (2020), quoting Commonwealth v. Nanny, 462 Mass. 798, 804 (2012). See Commonwealth v. Mogelinski, 473 Mass. 164, 171 (2015) (§ 72A "confers jurisdiction in circumstances where . . . a defendant otherwise would face no possibility of prosecution"). The judge makes two determinations at a transfer hearing. "The first is whether there is probable cause to believe that the defendant committed the charged offense. If the judge concludes that there is probable cause, the second determination is whether the defendant should be tried as an adult on the criminal charge or be discharged, thereby ending the prosecution" (citation omitted). Matter of a Juvenile, supra at 833.

 The issue on appeal concerns the first determination, that is, the 

 Page 36 

precise standard by which probable cause is to be determined in a § 72A transfer hearing, and, by implication, the standard by which an appellate court reviews that determination. See Matter of a Grand Jury Investigation, 427 Mass. 221, 224-225, cert. denied sub nom. A.R. v. Massachusetts, 525 U.S. 873 (1998) (reviewing varying formulations of "probable cause" in different contexts). The probable cause portion of the transfer hearing in the Juvenile Court "serves the same function as a bind-over probable cause hearing in the District Court." Ulla U. v. Commonwealth, 485 Mass. 219, 228 (2020), citing Nanny, 462 Mass. at 805. See Commonwealth v. Ortiz, 393 Mass. 523, 533 (1984) ("adult and juvenile probable cause hearings serve identical purposes"). See also G. L. c. 218, § 30. That function is "the screening out of an erroneous or improper prosecution" (quotation and citation omitted). Lataille v. District Court of E. Hampden, 366 Mass. 525, 530 (1974). See Commonwealth v. Perkins, 464 Mass. 92, 101 (2013) (important purpose of probable cause hearing is to prevent accused from being held for trial on groundless or unmeritorious charge). 

 To effectuate this purpose, a defendant at a bind-over hearing (like a juvenile at a transfer hearing) has procedural protections including a right to the appointment of counsel, to cross-examine witnesses, and to present evidence. See Eagle-Tribune Publ. Co. v. Clerk-Magistrate of the Lawrence Div. of the Dist. Court Dep't, 448 Mass. 647, 653-655 (2007). "The rules of evidence are fully applicable and a finding of probable cause must be based on competent testimony which would be admissible at trial" (quotation and citation omitted). Id. at 655. Such a process is "necessary to an accurate appraisal of probable cause" and to ensure that the defendant has the opportunity to present any evidence that could "expose fatal weaknesses in the State's case." Lataille, 366 Mass. at 528, 529 n.4.

 "The probable cause to bind over standard requires a judge to view the case as if it were a trial and to determine whether the Commonwealth has presented sufficient legally competent evidence to send the case to a jury." Paquette v. Commonwealth, 440 Mass. 121, 132 (2003), cert. denied, 540 U.S. 1150 (2004). [Note 5] "[The judge] should dismiss the complaint when, on the evidence

 Page 37 

 presented, a trial court would be bound to acquit as a matter of law." Commonwealth v. Teixeira, 475 Mass. 482, 489 n.14 (2016), quoting Myers v. Commonwealth, 363 Mass. 843, 850 (1973). It follows that an appellate court, in reviewing de novo a judge's probable cause determination, looks to "whether the record evidence could reasonably support a finding of [probable cause]." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318 (1979).

 The juvenile argues that the adversarial nature of the proceeding suggests that matters of weight and credibility should be left to the trial judge. The courts have acknowledged that a judge in a bind-over proceeding must "make some assessment of the credibility of the evidence that is presented when making the determination as to whether sufficient evidence has been presented to warrant further proceedings." Commonwealth v. Reese, 438 Mass. 519, 523 (2003), quoting Commonwealth v. Blanchette, 54 Mass. App. Ct. 165, 173 (2002).

 In determining probable cause, the judge must undertake a "two-part inquiry, one quantitative and the other qualitative. '[First, t]he judge must be satisfied . . . that the Commonwealth's admissible evidence, if believed, satisfie[s] all of the elements of proof necessary to prove the Commonwealth's case. Second, [the judge] must be satisfied that the evidence on each of the elements is not so incredible, insubstantial, or otherwise of such a quality that no reasonable person could rely on it to conclude that the Commonwealth had met its burden of proof.'" Reese, 438 Mass. at 524, quoting Blanchette, 54 Mass. App. Ct. at 175. 

 The question is whether the evidence "is of suitable quality to allow the action to proceed further along a course that was legislatively designed ultimately to place the matter before a trier of fact." Blanchette, 54 Mass. App. Ct. at 175. For this reason, the judge must exercise "considerable restraint," id. at 173, leaving

 Page 38 

 credibility determinations to the ultimate trier of fact, "except in cases 'in which a witness's testimony is so weak or contradicted by sufficiently clear facts that the judge should have the power to dismiss the case.'" Reese, 438 Mass. at 523, quoting Myers, 363 Mass. at 853 n.12. Thus, the question is not whether the judge finds the quality of the evidence to be insubstantial, but rather, whether it is of such quality that "no reasonable person could rely on it." Reese, supra at 526, quoting Blanchette, supra at 175. See Reese, supra at 526, 528 (finding of no probable cause reversed where judge discredited evidence based on his personal conclusion). 

 Here, the Commonwealth presented sufficient evidence to establish probable cause that the juvenile had "sexual intercourse . . . with a child under [sixteen], and compel[led] such child to submit by force and against [her] will." G. L. c. 265, § 22A. The alleged victim's testimony, that when she was eleven or twelve years old, the defendant got on top of her, pulled off her pants and underwear, tried to put his penis in her vagina, ignored her pleas for him to stop, and penetrated her vagina with the tip of his penis, made out a prima facie case of rape of a child with force. See Commonwealth v. Centeno, 87 Mass. App. Ct. 564, 567 (2015) ("The element of penetration can be established by evidence that the defendant's penis touched or came into contact with the victim's vagina, vulva, or labia"); Commonwealth v. Armstrong, 73 Mass. App. Ct. 245, 255 (2008) ("Actual force was also present . . . where the defendant pulled the victim's legs apart and positioned himself against her"). See also Ortiz, 393 Mass. at 535 ("At both [juvenile and adult probable cause] proceedings, the prosecution seeks to establish a prima facie case that the defendant committed the offense charged"). 

 Although defense counsel's cross-examination of the alleged victim emphasized some inconsistencies and lapses in memory of some aspects of the incident and raised as an issue her delayed disclosure of the incident, cross-examination did not elicit evidence of sufficiently clear facts that clearly contradicted her testimony concerning the rape or made it so insubstantial that no reasonable person could rely on it. Compare Commonwealth v. Vaughn, 23 Mass. App. Ct. 40, 42 (1986) (eyewitness testimony contradicted by evidence of defendant's incarceration at time of incident), with Commonwealth v. King, 445 Mass. 217, 236-237 (2005), cert. denied, 546 U.S. 1216 (2006) (victim's "hazy" memory relevant for jury's credibility assessment). On this record, there was "sufficient evidence to warrant submission of the case to the jury," 

 Page 39 

Myers, 363 Mass. at 850, and to allow the ultimate fact finder to determine the credibility of the alleged victim in light of her "testimonial conflicts." Id. at 853 n.12. 

 Accordingly, the question on remand will be whether it is in the interests of the public to order that a criminal complaint issue against the juvenile, or whether discharge is consistent with the protection of the public. The statutory language guiding this discretionary decision has been present in § 72A since it was enacted in 1964. See St. 1964, c. 308, § 4; St. 1975, c. 840, § 2; St. 1996, c. 200, § 13A; St. 2013, c. 84, § 23. Although the statute itself does not contain specific factors that a judge should apply, our courts have identified several relevant considerations. "[A] judge properly might consider the age of the defendant at the time of the alleged offense . . . and the age of the defendant when the case would be tried," as well as evidence of "the defendant's rehabilitation and evolving maturity." Matter of a Juvenile, 485 Mass. at 841. Also relevant is the nature of the crime, Commonwealth v. Davis, 56 Mass. App. Ct. 410, 416-417 (2002), as well as the potentially significantly greater penalty the juvenile could face if tried as an adult, see J.H. v. Commonwealth, 479 Mass. 285, 292 (2018).

 Conclusion. The order dismissing the complaint and discharging the juvenile is vacated, and a finding of probable cause as a matter of law shall enter. The case is remanded for further proceedings on the second determination under § 72A, consistent with this opinion.

So ordered.

FOOTNOTES
[Note 1] We refer to him as "the juvenile," even though he is an adult, because the proceedings against him took place in the Juvenile Court, where the identities of those accused are confidential. See G. L. c. 119, § 60A. 

[Note 2] Since the juvenile is three years older than Maya, he would have been fourteen or fifteen years old at that time. 

[Note 3] We have jurisdiction over the Commonwealth's appeal pursuant to Mass. R. Crim. P. 15 (a) (3), as appearing in 476 Mass. 1501 (2017). 

[Note 4] Section 72A of G. L. c. 119 provides, in relevant part: 

"If a person commits an offense or violation prior to his eighteenth birthday, and is not apprehended until after his nineteenth birthday, the court, after a hearing, shall determine whether there is probable cause to believe that said person committed the offense charged, and shall, in its discretion, either order that the person be discharged, if satisfied that such discharge is consistent with the protection of the public; or, if the court is of the opinion that the interests of the public require that such person be tried for such offense or violation instead of being discharged, the court shall dismiss the delinquency complaint and cause a criminal complaint to be issued."

[Note 5] At a jury trial, a judge would make this determination upon the accused's motion for a directed verdict of acquittal (or a required finding of not guilty). See Mass. R. Crim. P. 25, as amended, 420 Mass. 1502 (1995). The judge would then view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Commonwealth v. Colas, 486 Mass. 831, 836 (2021), citing Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). Because a probable cause hearing does not require proof beyond a reasonable doubt, however, the standard applied is not the actual directed verdict standard used by judges at trial. Rather, it is an analogous standard with the "minimum quantum of evidence" being "more than that for probable cause for arrest but less than would 'prove the defendant's guilt beyond a reasonable doubt.'" Commonwealth v. Bruno, 432 Mass. 489, 509 (2000), quoting Myers v. Commonwealth, 363 Mass. 843, 850 (1973) (probable cause to bind over "is somewhat analogous in function to [a judge's] ruling on a motion for a directed verdict at trial"). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.